## Coffey, Appellant, *v.* The Maccabees.

*Evidence—Secondary evidence—Admission—New trial—Discretion of court—Act of May* 20, 1921, *P. L.* 916.

In a suit to recover on an endowment certificate, the defendant offered in evidence a certified copy of its by-laws, one section of which provided that where any member was absent for a year or more and did not report to the record keeper, his membership would be null and void. This evidence was rejected as being secondary evidence. Under the Act of May 20, 1921, P. L. 916, Section 2, this evidence should have been admitted and a new trial was properly granted.

Under the provisions of the Act of May 20, 1921, P. L. 916, last clause, section 2, printed copies of by-laws of fraternal beneficial societies duly certified by the secretary as corresponding officer thereof are to be considered prima facie evidence of the legal adoption thereof.

Argued May 5, 1925. Appeal No. 214, April T., 1925, by plaintiff from order of C. P. Allegheny Co., October T., 1923, No. 2473, in the case of Thomas W. Coffey v. The Maccabees. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover on beneficial certificate. Before REID, J.

The facts are stated in the opinion of the Superior Court.

Defendant offered no testimony denying the allegations of the statement of claim, but offered a copy of its by-laws in evidence to prove its defense. These were excluded. Verdict for plaintiff. Subsequently the court on motion ordered a new trial. Plaintiff appealed.

*Errors assigned* were the charge of the court, and sustaining defendant's motion for a new trial.

*Martin Croissant,* for appellant.

*Harold K. Brooks,* and with him *Cornelius D. Scully,* and *A. C. Johnson,* for appellee.

OPINION BY TREXLER, J., July 9, 1925:

This was a suit brought on an endowment certificate issued to one John H. Coffey by a secret fraternal organization known as "The Maccabees."

John H. Coffey was a member in good standing of the Olean Tent of the defendant association and got an endowment certificate for two thousand dollars which after the death of his mother, who was the beneficiary, he attempted to transfer to his brother, the plaintiff in this case. There is some dispute as to whether the fee of fifty cents had been paid. The plaintiff paid the dues continuously from 1905 to 1922. He had not heard from his brother John for a long

time and finally when the presumption of death arose he pressed his claim against the society but it refused to accede to any demand claiming that under the provisions of a certain by-law, he had forfeited his certificate. It refused to receive any further dues. Afterwards in 1923 John H. Coffey, whose whereabouts, as stated above, had been unknown, died in Arkansas and was buried in Pittsburgh. Upon the claim being again presented to the association it denied liability under its by-laws. At the trial of the case there was an attempt made to offer the by-laws of the society but the court excluded them because they were not the best evidence holding that the originals should be produced. Afterwards it was discovered that the Act of May 20, 1921, P. L. 916, last clause, section 2, provides that printed copies of such constitutional by-laws duly certified by the secretary shall be prima facie evidence of the legal adoption thereof. The court realizing that the rejection of the by-laws was error ordered a new trial. The plaintiff has appealed from the granting of the new trial. The argument of the plaintiff submits that even if the by-laws had been admitted the court must have held that having been passed after the certificate had been issued they would have no bearing upon the case and that the granting of the new trial being founded upon this single matter the rejection of the by-laws brings the present case under the principal set out in Class and Nachod Brewing Co. v. Giacobella, 277 Pa. 530, and that, therefore, it was an abuse of discretion to grant a new trial.

A compilation or official copy of the by-laws offered ran from 1888 to 1901, others were adopted in 1919. There may be a vital difference in effect between such laws as controlled the association when the plaintiff became a member and such as were adopted afterwards. Thus one of the by-laws providing that any member who shall abscond, remove or depart from his home and remain away for one year and not report to

the record keeper of his tent his location with post-office address, shall forfeit his membership and his certificate shall become null and void, which is relied upon by the defendant in this case, was held in Roblin v. Knights of the Maccabees, 269 Pa. 139, would not act retroactively and could not be applied to the case of one who had disappeared before its passage. The record, as we have it, does not present such a clear case as would warrant us to enter judgment. We see no reason why an opportunity should not be presented to the defendant to present its case fully, and upon a retrial every question involved in the effect of the by-laws on plaintiff's claim can be fully considered both as to the date of their passage and their relation to the other facts in the case. See Simmons-Boardman Pub. Co. v. Am. Boron P. Co. 282 Pa. 521.

The order of the lower court granting a new trial is affirmed.