Ziff, Appellant, *v.* H. Daroff & Sons, Inc.

Argued April 18, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused August 4, 1947.

*Arthur W. A. Cowan,* for appellant.

*Abraham L. Freedman,* with him *Bernard Eskin* and *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

Opinion by Mr. Justice Drew, June 30, 1947:

Morris Ziff, plaintiff, brought this action in assumpsit on a contract of employment, claiming $2,805.28 as the balance of commissions owed to him by defendant, H. Daroff & Sons, Inc., his former employer. Defendant filed a counterclaim averring that on the contrary plaintiff was indebted to it because of overdrawals by him against commissions earned during the course of his employment. At the conclusion of the trial the learned judge directed a verdict for defendant on plaintiff's claim and for defendant on the counterclaim, assessing damages in the amount of $2,721.45. After the court en banc overruled his motion for a new trial, plaintiff appealed.

On April 1, 1939, the parties entered into a written contract for one year, under which plaintiff was to work as a salesman for defendant, receiving a specified rate of commission with a drawing account advanced weekly against commissions. The employment contract was renewable each six months and pursuant thereto it was extended to September 30, 1941. At the end of this term of employment plaintiff was indebted to defendant in the amount of $5,000.00 as a result of advances on his drawing account beyond commissions earned. Sometime in September, 1941, plaintiff was notified that defendant would no longer extend the contract. Plaintiff on September 13, 1941, had a meeting with Louis Daroff, treasurer of defendant corporation, who was in charge of sales. As a result of their meeting, the parties agreed to an oral contract of employment extending from October 1, 1941 to December 1, 1941, under a commission and drawing account arrangement similar to that contained in their prior contract. A memorandum was signed by both parties but it was incomplete on its face and is not pertinent here.

The entire basis of plaintiff's case is that Louis Daroff acting in his capacity as an officer of defendant corporation, as part consideration for the contract re-

newing the employment for two months, released the indebtedness of $5,000.00 which plaintiff then admittedly owed to defendant. Plaintiff had the burden of proving the alleged oral statement releasing the indebtedness. He testified that the substance of his conversation with Louis Daroff was as follows: "A. He [Daroff] would give me another chance on writing a new contract to go out and see if I could make out . . . A. He [Daroff] says, 'You go out and show me how much you can really sell in that territory. Up to this time it was hard. It was a new line. Nobody knew the line at that time and you were introducing it and naturally working hard. Each season as you went along you did a little better and got some new accounts. Now is your chance to cash in on the rest of it. We will give you the same commission that you got on the other contract and *we will forget everything else and start with a clean slate'*, and then he called in the secretary-treasurer, Mr. Samuel H. Daroff, and he related to him what to draw up in this contract, and Mr. Samuel Daroff called in one of his stenographers." (Italics added).

The pivotal question is whether or not the words "will forget everything else and start with a clean slate" were legally sufficient to constitute a release of the indebtedness of $5,000.00 which plaintiff then owed to defendant.

In construing an oral contract in *Slonaker v. P. G. Publishing Co.,* 338 Pa. 292, 296, 13 A. 2d 48, Mr. Justice HORACE STERN, speaking for this Court, said: ". . . it is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement." See *Hindman v. Farren,* 353 Pa. 33, 44 A. 2d 241. Applying this rule to the instant case it is clear that plaintiff requested an extension of his employment and that defendant agreed to give him another chance to prove that he could be a successful

329

salesman. The record proves that the $5,000.00 indebtedness was never discussed at the meeting where Louis Daroff said: ". . . we will forget everything else and start with a clean slate." In its proper context the language is clear and unambiguous; it obviously means that Daroff agreed to disregard plaintiff's past failures as a salesman and give him another opportunity. There was therefore no question to submit to the jury. It would serve no useful purpose to allow the jurors to indulge in conjecture when any logical interpretation of the language used could not reach the unreasonable and absurd result that the intention of the parties was to release the indebtedness of $5,000.00. The legal effect of the language used was for the court as a matter of law.

The judgment of the learned court below must be sustained. In this disposition of the case it is unnecessary to pass on the question of agency and the authority of Louis Daroff to give a binding release of plaintiff's indebtedness in behalf of defendant corporation. See *Beachler v. Mellon-Stuart Co.*, 354 Pa. 341, 47 A. 2d 147.

Judgment affirmed.