DeMoss, Admrx., Appellant, *v.* Beryllium
Corporation of Pennsylvania.

Argued January 8, 1948. Before MAXEY, C. J., DREW,
LINN, STERN, STEARNE and JONES, JJ.

reargument refused April 12, 1948.

*Charles H. Weidner*, with him *Stevens & Lee*, for appellant.

*Edward Youngerman*, with him *Emanuel Weiss, John A. Moss* and *Richardson, Moss & Richardson*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, March 25, 1948:

The question is whether two letters set forth in the complaint constitute a contract between the parties.

The first was addressed by plaintiff's decedent, George B. DeMoss, to The Beryllium Corporation of Pennsylvania, defendant, and was as follows: "We agree to machine, as per your drawing dated March 3, 1943, one hundred thousand (100,000) or more small airplane bushings at the rate of 62¢ per bushing. . . . Bushings are to be furnished us in sufficient quantities to maintain our production without interruption. . . ." To this defendant replied: "Acknowledging your quotation . . . we hereby agree to accept this quotation and will begin to ship you small bushings no. 110354F within the next few days. We will endavor to maintain the stock at your plant at the rate of 5000 bushings so that you may have enough work at the termination of this contract to keep you going at least one week." Defendant never shipped any bushings to DeMoss, and plaintiff, administratrix of the latter's estate, now sues to recover an alleged loss of profits occasioned by defendant's breach.

Defendant filed preliminary objections to the complaint on the ground that it did not set forth a cause of action. The court below sustained these objections because it thought that the clause in defendant's letter in regard to maintaining the stock at DeMoss' plant at the rate of 5000 bushings was a counter-proposal to his stipulation that bushings should be furnished in sufficient quantities to maintain his production without in-

terruption, and, since this counter-proposal was never replied to nor accepted by him, no valid contract came into existence.

We are of opinion that this conclusion of the court was not justified since it is impossible to ascertain from the correspondence itself whether this clause in defendant's letter was in fact a counter-proposal or whether it was merely a gratuitous undertaking on defendant's part to "endeavor" to do something for DeMoss' benefit *additional* to what he had demanded; if the latter, it did not affect the performance of the obligatory portions of the agreement and defendant's acceptance was sufficient to consummate a binding contract: 12 Am. Jur. 546, § 55; Williston on Contracts (rev. ed.) vol. 1, p. 230, § 79; Restatement, Contracts, § 62. Without knowledge of the facts in regard to the capacity of DeMoss' plant it cannot be determined whether maintaining the stock at the rate of 5000 bushings would or would not have complied with the condition he had imposed that they should be furnished in sufficient quantities to maintain his production without interruption. Indeed the clause is extremely ambiguous. What is meant by "the *rate* of 5000 bushings" without stating the applicable unit of time necessary to constitute a "rate"? What is meant by an endeavor to maintain the stock at such a rate as to enable DeMoss to have enough work to keep his plant going at least a week *"at the termination"* of the contract? In the absence of explanatory testimony it is impossible to interpret this provision intelligently and thereby determine its legal effect; under such circumstances the well established principle applies that, where such doubt or ambiguity exists, it is proper for the court, in order to ascertain the intention of the parties, to take into consideration their situation, the objects they apparently have in view, and the nature of the subject-matter of their agreement: *Slonaker v. P. G. Publishing Co.*, 338 Pa. 292, 296, 13 A. 2d 48, 50, 51; *Hindman v. Farren,* 353 Pa. 33, 35, 44 A. 2d 241, 242;

*Lance v. Mann,* 353 Pa. 382, 383, 45 A. 2d 64, 65; *Ziff v. H. Daroff & Sons, Inc.,* 357 Pa. 326, 328, 53 A. 2d 729, 730; *Central-Penn National Bank v. Firestone Tire and Rubber Co.,* 154 Pa. Superior Ct. 70, 72, 35 A. 2d 794, 795; *Korr v. Butz,* 156 Pa. Superior Ct. 516, 519, 40 A. 2d 699, 700. Instead of sustaining what was in effect a demurrer to plaintiff's statement of claim testimony should have been invited and received as sanctioned by those authorities.*

Defendant contends that its letter did not impose any contractual obligation upon it because there was no promise contained therein to ship 100,000 bushings to DeMoss but merely an acceptance of his quotation as being the price defendant would pay if it should subsequently choose to send that number. But DeMoss' letter made it clear that his quotation of 62¢ per bushing was to prevail only on the basis of a minimum of 100,000 bushings and therefore, when defendant wrote that it accepted this quotation and agreed to ship bushings "within the next few days", it was presumably undertaking to continue to ship them until it had furnished at least the minimum number upon which the quotation was based. It will be noted that its letter referred to the agreement which was being entered into as *"this contract"*, showing that defendant intended to assume, and understood that it *was* assuming, a legal obligation.

Plaintiff's claim is in the amount of $24,500, representing DeMoss' alleged loss of profits. If, however, it be ultimately determined that there was a valid offer and acceptance and therefore an enforceable contract, defendant would be liable only for *compensatory* damages. If it should appear, for example, that DeMoss subse-

---

* The letter from DeMoss to defendant referred to "your drawing dated March 3, 1943", whereas the reply letter spoke of bushings "no. 110354F"; here also testimony is admissible to show—what is presumably the case—that these are merely different descriptions of the same type of bushings.

quently obtained another contract which consumed the productive capacity of his plant, or a contract that he could not have performed had there been no breach of his agreement with defendant, it is obvious that any profits made by him under such other contract would, to that extent, offset the loss under the contract with defendant: Restatement, Contracts, § 336, illustration 7; *Harrington-Wiard Co. v. Blomstrom Manufacturing Co.*, 166 Mich. 276, 131 N.W. 559; *Nelson v. Galpin*, 277 Mich. 529, 269 N.W. 586; *Barron G. Collier, Inc. v. Kindy*, 146 Minn. 279, 178 N.W. 584; *Eastman Gardiner Hardwood Co. v. Hall*, 137 Miss. 354, 102 Co. 270; *J. K. Rishel Furniture Co. v. Stuyvesant Co.*, 204 N.Y.S. 659.

The order dismissing the complaint is reversed and the record remanded with a procedendo.