# Lambert et al., Appellants, *v*. Durallium Products Corporation.

Argued January 16, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*M. H. Goldstein,* for appellants.

*Morris Wolf,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY Mr. Justice ALLEN M. STEARNE, March 20, 1950:

Plaintiffs appeal from the order of the court below granting a new trial in an assumpsit suit. The rule of law which governs the granting of a new trial is succinctly stated by Mr. Justice DREW in *Tupponce v. Pennsylvania Railroad Company*, 358 Pa. 589, 590, 57 A. 2d 898: " ' "We will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action": Marko v. Mendelowski, 313 Pa. 46, 169 A. 99': Girard Tr. Co. v. Geo. V. Cresson Co., 333 Pa. 418, 422, 5 A. 2d 221." Cf. *Arco Metalscraft Company v. Shaw*, 364 Pa. 39, 70 A. 2d 850; *Se-Ling Hosiery, Inc., v. Margulies*, 364 Pa. 45, 70 A. 2d 854.

Plaintiffs are manufacturers of dentures, in which gold or substitute metal is required. Defendant is the sole manufacturer of a substitute alloy called *Durallium*. The parties executed a written contract by which defendant agreed to sell and plaintiffs agreed to purchase Durallium. Plaintiffs agreed to use it *exclusively* in their manufacture during the three year term of the contract or license. Within one year defendant cancelled the contract alleging breaches or violations by plaintiffs. Suit was instituted by plaintiffs and upon issue being joined, and trial, the jury rendered a verdict for plaintiffs in the sum of $22,500.

At the trial plaintiffs were permitted to show profits made by them before the contract was terminated in order to establish what plaintiffs would have made had defendant *performed* his contract. This was the correct measure: *Macan v. Scandinavia Belting Company*, 264 Pa. 384, 107 A. 750; *Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc.*, 348 Pa. 512, 35

A. 2d 721; Restatement, Contracts, section 331 (1). Defendant then attempted, in mitigation of damages, to prove that after defendant's breach of contract plaintiffs substituted an alloy called *Zenium* and what profits plaintiffs made thereafter. The court erroneously excluded evidence of the amount of such profit. The measure of damages for breach of contract is *compensation* for the loss sustained. The aggrieved party can recover nothing more than will compensate him. Plaintiffs should be placed as nearly as possible in the same position they would have occupied had there been no breach: *Massachusetts Bonding & Ins. Co. v. Johnston & Harder, Inc.*, 343 Pa. 270, 22 A. 2d 709; *Harman et ux. v. Chambers*, 358 Pa. 516, 57 A. 2d 842. In the present case plaintiffs agreed that they would use the alloy Durallium *exclusively*. They were therefore prohibited, during the operation of the contract, from using the alloy *Zenium*. As defendant was liable only for compensatory damages, any profits made by plaintiffs by the use of *Zenium* must offset the loss under the contract: *DeMoss, Admrx., v. Beryllium Corporation of Pennsylvania*, 358 Pa. 470, 58 A. 2d 70, and the cases therein cited.

Exclusion of proper evidence which might have affected the verdict requires the granting of a new trial: *Rea v. Pittsburg & Connellsville Railroad Company*, 229 Pa. 106, 78 A. 73; *Coffey v. The Maccabees*, 86 Pa. Superior Ct. 46.

The court below, in assigning reasons for its grant of a new trial said: ". . . evidence on certain matters which might properly have been considered in reduction or mitigation of . . . damages was excluded from the jury's consideration, and in that respect defendant was substantially harmed, and for that reason we granted a new trial."

Defendant was not estopped from moving for a new trial on the ground *it* initially induced the court to

make the erroneous ruling. Both litigants appear to have been equally responsible. But irrespective of how the ruling came to be made, it was in fact made and to defendant's prejudice.

The effect of plaintiffs' erection of a new corporation, as proof in mitigation of damages, was not fully developed at the trial, and is therefore not passed upon by us. All of the facts surrounding the creation of the corporation, its status, and the legal consequences following the incorporation, under the present circumstances, may be inquired into and determined upon the re-trial of the case.

Order affirmed.