## Amish Village, Inc., v. Neuber

*Arnold, Bricker & Beyer*, for plaintiff.
*William C. Storb*, for defendant.

SCHAEFFER, P. J., October 20, 1950.—Plaintiff filed a bill of complaint to enjoin defendant from engaging in a competitive retail restaurant business, as owner or operator thereof, within the County of Lancaster, Pa.

## Pleadings

The pleadings consist of the bill of complaint and the answer thereto.

## Findings of Fact

1. On May 1, 1947, Pryor E. Neuber, defendant, and J. Frank Bandy, his partner, sold to the Amish Village, Inc., plaintiff, a restaurant known as Howard Johnson's Amish Village for $30,000, located on Lincoln Highway East in East Lampeter Township, Lancaster County, Pa.

2. In the bill of sale dated May 1, 1947, appears the following clause:

"I, Pryor E. Neuber, further covenant and agree that I will not engage in a competitive retail restaurant business, as owner or operator, within Lancaster County, Pennsylvania, for a period of five (5) years from the date hereof; *provided, however*, that I, the said Pryor E. Neuber, shall have the right to assist in the operation and management of 'The Willows' so long as my name is not used in advertising for that business."

3. On July 13, 1949, Glass Kitchens, Inc., was incorporated. Its corporate purposes are "to supply, license and operate restaurants; to prepare, buy, sell and distribute food and food products; and to buy, hold, sell and lease real estate necessary and appropriate for its corporate purposes." The three stockholders thereof are Pryor E. Neuber, defendant, who holds 1,300 shares; J. Frank Bandy, who holds 1,000 shares; and Harry R. Dominick, who holds 100 shares. Defendant

is the president and treasurer; Harry R. Dominick is the vice-president, and J. Frank Bandy is the secretary. The three of them are the present directors.

4. On July 28, 1949, Walter M. Dunlap leased to Glass Kitchens, Inc., certain property situated at the intersection of the Oregon and Lititz Pikes in Manheim Township, Lancaster County, Pa., for a term of 12 years beginning November 1, 1949. A building was erected on these premises by the lessee which has been operated as a restaurant known as the Glass Kitchen Restaurant since October 25, 1949.

5. A second corporation was formed and incorporated on September 1, 1949, under the corporate name of Glass Kitchens of Lancaster, Inc. The stockholders of the latter corporation are A. A. Neuber, wife of defendant, who holds 750 shares; J. Frank Bandy, who holds 750 shares; Harry R. Dominick, who holds 750 shares and Enos E. Mowrer who holds 50 shares. The president and treasurer of Glass Kitchens of Lancaster, Inc., is A. A. Neuber; the vice president is J. Frank Bandy; and the secretary is Harry R. Dominick. All three of them are the directors.

6. On October 13, 1949, Glass Kitchens, Inc., leased the premises referred to in the fourth finding of fact to Glass Kitchens of Lancaster, Inc., for a period of 10 years beginning October 1, 1949.

7. Glass Kitchens, Inc., and Glass Kitchens of Lancaster, Inc., occupy the same office located in the basement of the premises.

8. Defendant spends 30 percent of his time on the demised premises in connection with the standardization of the quality and portions of food of Glass Kitchens, Inc.

9. Defendant interviewed a prospective waitress for the restaurant, he gives "advice and assistance" in hiring and firing employes, he is at the cash register at the restaurant at times during the absence of the

regular cashier, he circulates among the restaurant patrons and he spends about one hour a day in the restaurant portion of the building.

## Discussion

It is not disputed by defendant that the covenant upon which plaintiff relies is a valid and enforcible agreement in restraint of trade because it is reasonably limited as to time or space.

The controlling issue is whether or not defendant, Pryor E. Neuber, has violated his agreement not to engage in such a restaurant business as owner or operator. It is evident that defendant is connected with the operation of the Glass Kitchen Restaurant, but the question arises whether or not he is engaged in that business as owner or operator thereof.

In construing the covenant in controversy it is necessary to consider the surrounding circumstances, the objects they have in view and the nature of the subject-matter of the agreement: Ziff v. H. Daroff & Sons, Inc., 357 Pa. 326. A covenantor is not to be held beyond his undertaking: Pennsylvania Company for Insurances on Lives and Granting Annuities v. Wallace et al., 346 Pa. 532.

The covenant is restricted to a competitive retail restaurant business. It permits a wholesale business of a similar nature. It is limited to Lancaster County. It expressly excepts assistance in the operation and management of The Willows so long as defendant's name is not used in advertising for that business. The retail restaurant business as prohibited must be competitive to that of Howard Johnson's Amish Village formerly conducted by defendant and now operated by plaintiff. The evidence shows that the Glass Kitchen Restaurant in controversy is conducted as a competitive retail restaurant business with respect to the restaurant now conducted by plaintiff.

Defendant contends that he is engaged in the wholesale restaurant or food supply business and that his activity in relation to the Glass Kitchen Restaurant is in that capacity and pursuant to a clause in the lease from Glass Kitchens, Inc., to Glass Kitchens of Lancaster, Inc., which provides as follows:

"The Lessee shall have the right to conduct a modern, neat, clean and efficient restaurant on the herein demised premises, and the Lessor shall have full power and authority, at any time, to request the correction by the Lessee of any condition existing on the herein demised premises which shall be detrimental to the best interests of the restaurant business operated on the herein demised premises. Any and all such requests by Lessor shall be complied with promptly by the Lessee."

Defendant is the majority stockholder of Glass Kitchens, Inc. The purpose of that corporation is to supply and operate restaurants and to distribute food and food products. Defendant's wife and three others hold the stock of the second corporation, Glass Kitchens of Lancaster, Inc. She is the president and treasurer of the latter corporation and is one of the three directors.

It was testified that defendant spends about 30 percent of his time on the premises in connection with the standardization of the quality and portions of food of Glass Kitchens, Inc. Defendant testified that he purchases the food which is ultimately consumed in the restaurant alleged to be conducted by Glass Kitchens of Lancaster, Inc. It was testified that defendant interviewed a prospective waitress for the restaurant; that he gives "advice and assistance" in hiring and firing employes; that defendant was at the cash register at the restaurant at times during the absence of the regular cashier; that he circulates among the restaurant patrons; and that he spends about one hour a day in the restaurant portion of the building.

In Markovitz et al. v. Markovitz et al., 336 Pa. 122, it was decided that where it is necessary in order to meet the ends of justice a court of equity will treat the corporation and the individuals owning its shares as identical. In Edirose Silk Manufacturing Co. v. First National Bank and Trust Co., 338 Pa. 139, 143, it is said:

"Particularly in equity, where substance is more important than form, the Court will not in a case before it permit the fiction of corporate entity to lead to an unjust result."

In *Com. v. H. R. Johnson*, 144 Pa. 377, 381, it is said:

"Ordinarily, the term manager means 'one who has the conduct or direction of anything. . . .' To manage, means 'to direct, control, govern, administer, oversee.'"

The word "operate" as used in the covenant is construed to be synonymous with the word "manage." The two corporations involved in this proceeding are legal and proper corporate entities. Defendant's activity in connection with both and with the operation of the restaurant discloses him to be the real operator or manager of the restaurant, although the nominal manager is Harry R. Dominick, a stockholder. The court cannot restrain the operation of the restaurant nor interfere with the functions and purposes of the two corporations. However, the court in banc concludes that Pryor E. Neuber, defendant, is the real operator or manager of the restaurant business conducted by Glass Kitchens of Lancaster, Inc.

### Conclusions of Law

1. The restriction in restraint of trade contained in the agreement of sale dated May 1, 1947, for a retail restaurant business from Pryor E. Neuber, defendant, and J. Frank Bandy, his partner, to the Amish Village, Inc., plaintiff, is valid and enforcible. It prohibits de-

fendant, Pryor E. Neuber, from engaging in a competitive retail restaurant business, as owner or operator, in Lancaster County, Pa., for the balance of the term expiring May 1, 1952.

2. The court concludes that Pryor E. Neuber, defendant, is the operator or manager of the retail restaurant business conducted by Glass Kitchens of Lancaster, Inc., at the intersection of the Oregon and Lititz Pikes in Manheim Township, Lancaster County, Pa.

### Decree Nisi

And now, October 20, 1950, it is ordered, adjudged and decreed by the court in banc as follows:

1. That Pryor E. Neuber, defendant, is enjoined from acting as operator or manager of the retail restaurant business conducted by Glass Kitchens of Lancaster, Inc., at the intersection of the Oregon and Lititz Pikes in Manheim Township, Lancaster County, Pa., whether acting on his own responsibility or as officer, agent or employe of any other person, firm or corporation, until May 1, 1952.

2. That Pryor E. Neuber, defendant, is enjoined from performing any managerial, supervisory or executive functions in the operation of the Glass Kitchen Restaurant as aforesaid, until May 1, 1952.

3. That Pryor E. Neuber, defendant, is further enjoined from exercising or participating in the exercise of the authority contained in clause (f) of the lease from Glass Kitchens, Inc., to Glass Kitchens of Lancaster, Inc., so far as it relates to any activity by him as operator or manager of the Glass Kitchen Restaurant, until May 1, 1952. This clause provides as follows:

"The Lessee shall have the right to conduct a modern, neat, clean and efficient restaurant on the herein demised premises, and the Lessor shall have full power and authority, at any time, to request the correction

by the Lessee of any condition existing on the herein demised premises which shall be detrimental to the best interests of the restaurant business operated on the herein demised premises. Any and all such requests by the Lessor shall be complied with promptly by the Lessee."

4. That Pryor E. Neuber, defendant, is also enjoined from engaging in any competitive retail restaurant business, as owner or operator, in Lancaster County, Pa., until May 1, 1952, with the exception of assisting in the operation and management of The Willows.

5. That the costs of this proceeding shall be paid by Pryor E. Neuber, defendant.