## Ross *v.* Ruffner, Appellant.

Argued November 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Herbert B. Lebovitz,* for appellants.

*W. F. McCrady, Jr.,* with him *McCrady & Kreimer,* for appellees.

OPINION BY GUNTHER, J., December 29, 1953:

The plaintiff, contractors, instituted suit in assumpsit against the defendants to recover the sum of $365.80 for extras on an oral contract. The complaint states that on June 20, 1950, and before the oral contract was entered into, a written agreement was made between the plaintiffs and defendants for the sale of a certain lot of ground upon which there was being erected a two-story brick veneer dwelling with integral garage, for the sum of $11,000.

We have two appeals to consider; one of William D. Ruffner and Mary Ruffner, his wife, and the other of Frank R. Simica and Violet Simica, his wife. Both appeals are identical as to the questions of law and the

Pennsylvania rules, and were, therefore, consolidated for the purpose of this appeal and argument.

Defendants' answer denies that the extras were the subject of or part of any oral agreement entered into during the construction of the building but avers that the extras were items included in the original written agreement. Furthermore, defendants filed a counter-claim for $134.20 for overpayment based on their understanding and interpretation of the original written contract. The plaintiffs' suit is based, however, on an oral agreement which was agreed upon after the written contract was signed by the parties.

The original written contract provided for an $11,-000 consideration. This the defendants do not deny but allege that it was not the entire agreement relating to the transaction. They attempt to show by parol evidence that the written agreement, according to them, provided for a consideration of $10,500 instead of the $11,000, and that $500 was to cover the cost of the extras, if any, and if the extras did not amount to $500, then the balance would be returned to the defendants. The extras amounted to $365.80, leaving a balance of $134.20 for which the defendants filed their counter-claim.

Before discussing the different positions of the parties it will be well to note one other paragraph of the written agreement which reads as follows: "This Agreement constitutes the entire agreement between the parties. There are no other conditions, terms or covenants agreed upon except those herein set forth and the purchasers have not entered into this agreement in reliance upon any representations or statements not specifically set forth in this agreement." The defendants admit that the consideration set forth in the written agreement is $11,000, but seek to introduce an oral agreement which they claim will show that the actual

consideration for the purchase of the property was $10,-500. Should this alleged oral agreement which would change the amount of the consideration be allowed to be introduced in the absence of fraud, accident or mistake?

Where, as in this case, the amount in controversy is real and actual and not merely nominal, we agree with the lower court that the rule in Pennsylvania will not permit parol testimony to change the consideration set forth in the instrument. *Grubb v. Rockey*, 366 Pa. 592, 79 A. 2d 255. For a lot and house of the type described, it cannot be said that $11,000 is a nominal consideration. To agree with the defendants' argument, would be tantamount to changing the whole substance of the contract. Their argument is further weakened by the expressed provision that the agreement constitutes the entire agreement between the parties.

The defenses as relied upon by the defendants cannot be reconciled with and, in fact, are opposite to the rule in Pennsylvania. *Ridgeway Dynamo & Engine Co. v. Pennsylvania Cement Co.,* 221 Pa. 160, 70 A. 557; *General Motors Truck Co. v. Philadelphia Paving Co.,* 248 Pa. 499, 94 A. 235; *Hauer v. Martin,* 284 Pa. 407, 131 A. 187. There are no doubtful or contradictory terms that require oral testimony to prove the actual consideration. It is set forth plainly as the amount of $11,000. Any agreement which would tend to change that amount under any circumstances should have been explicitly incorporated in the agreement of sale and cannot, without such provision, be the subject of an oral agreement.

The effect of the parol evidence rule, and the right of a litigant to obtain judgment in reliance on it, may properly be determined on the pleadings, and judgment may be entered for want of a sufficient answer or reply which sets up an oral agreement invalidated by the

rule. *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309. The defenses as set up by the defendants are contrary to the written agreement and insufficient under the rules to prevent judgment on the pleading.

Judgment affirmed.