## Connelly v. Hoffman et ux.

*Arthur Lefkoe*, for plaintiff.
*Cassin W. Craig*, for defendants.

FORREST, J., June 13, 1955.—This action in assumpsit comes before us on preliminary objections in the nature of a demurrer to a counterclaim and in the nature of a motion for more specific pleading thereof. Plaintiff has alleged that he entered into a written contract with defendants to sell an air-conditioning unit of a specified model and to deliver it to their residence, to furnish a sketch so that defendant's plumber and electrician could install the unit, to make final connections, to start and test the unit, and, finally, guaranteeing specified house temperatures in summer and winter. Plaintiff has averred performance in full on his part and he seeks to recover the balance of the purchase price which admittedly is unpaid. The copy of the so-called written contract attached to the complaint indicates that it was signed only by defendant wife individually, and not by defendant husband nor by plaintiff. Nevertheless, the parties by the complaint and answer treat the writing

as if it had been signed by all the parties. Defendants aver in their answer:

(1) That the unit failed to heat the rooms to the guaranteed temperature, and (2) that the air-conditioning part of the unit operated with such noise that it had to be turned off during the hours of slumber, notwithstanding "plaintiff's oral assurance and warranty that the unit would be practically silent in operation". Defendants have counterclaimed, saying that "solely by reason of the breach of the contract by the plaintiff," it will cost defendants (1) $765 for a "proper heating unit" including pipes and radiators; (2) $949.90 to acquire and install window model air conditioners at two places, and (3) $500 to remove portions of the flooring, woodwork, walls and decorations in their home.

Plaintiff contends that the counterclaim does not state a cause of action. His position is that the damages alleged in the counterclaim are not recoverable "without a showing by the defendants that the type of heating unit which they are preparing to install is the only type of unit which can properly heat said premises", and that the counterclaim must be restricted to "a claim for the installation of a heating unit which will properly heat their dwelling which is of the same nature or similar in nature to the unit which the plaintiff contracted to install". If defendants have made expenditures for labor and materials not needed in order to obtain the results "guaranteed" by plaintiff, that is one thing. If, however, they have incurred obligations or will incur obligations which are not greater than those reasonably necessary to obtain such results, it is an entirely different situation, and recovery by defendants should be allowed. The party damaged by another's breach of contract should be placed as nearly as possible in the same position as he would have occupied had there been no breach:

Lambert et al. v. Durallium Products Corporation, 364 Pa. 284 (1950).

". . . The general rule requires that compensation shall be made by the party in default for all the injurious results of a breach of contract that may reasonably be supposed to have been in the contemplation of the parties at the time when the contract was made": Jones & Laughlin Steel Co. v. Wood & Co., 249 Pa. 423, 429 (1915).

See also Siegel v. Struble Bros., Inc., 150 Pa. Superior Ct. 343 (1942). This means that the expenditure for the cost of labor and materials necessarily involved in making the change as a natural consequence of the failure of the defaulting party to deliver or install products measuring up to the specifications is recoverable: Jones & Laughlin Steel Co., supra. The Sales Act of May 19, 1915, P. L. 543, sec. 12, 69 PS §121, provided:

"Any affirmation . . . is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods. . . ."

Section 69 of the Act, 69 PS §314, provided that:

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty."

If, as defendants would make it appear, there was an implied warranty of suitability of the air-conditioning unit for a particular purpose, i.e., cooling bedrooms, it may be that a unit so noisy as to keep the householders awake at night might not be considered suitable and that the buyer under section 69(6) of the Sales Act, 69 PS §314, would be entitled to "the measure of damages for breach of warranty (which) is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty".

In any event, whether the case is considered under the Sales Act or under the decisional law derived from cases arising before the effective date of the act, the measure of damages is the same; the buyer is not limited to the difference between the value of the goods at the time of delivery and the value had they answered the warranty: U. S. Gypsum Co. v. Birdsboro Steel Foundry & Machine Co., 45 D. & C. 259 (1942). We express no opinion on the merits of the counterclaim. We simply state that, as a matter of law, we shall not rule out pleading of damages for the alleged breach of express written and oral warranties. If plaintiff contends that there was in fact no such oral warranty, by filing an appropriate reply he can raise the issue which may be resolved by a jury.

In his brief, plaintiff contends that the oral agreement alleged by defendants is violative of the parol evidence rule. The applicability of the parol evidence rule is a question that may be raised by preliminary objections and its effect may properly be determined on the pleadings: O'Brien et al. v. O'Brien, 362 Pa. 66 (1949); Ross v. Ruffner, 174 Pa. Superior Ct. 602 (1953). However, such question was not raised in the demurrer filed in this case. Pa. R. C. P. 1028(a) provides that "Preliminary objections shall state specifically the grounds relied upon".

" 'Matters not raised . . . before the argument cannot be argued and will not be considered by the court': Goodrich-Amram, sec. 1028(a)-1; Melnick v. City of Pottsville, 43 Schuyl. 121; Hoppes v. Dreher, 45 Schuyl. 14": Wolfson et ux. v. Gicas, 88 D. & C. 145, 148 (1953).

In short, "Grounds for objections not set forth in preliminary objection are waived": Anderson, Pa. Civil Practice, vol. 2, page 100. Therefore, it is unnecessary at this time to consider the particular objection which was raised informally and for the first time in plaintiff's brief.

Finally, we proceed to a consideration of the motion for a more specific counterclaim. The motion points out three respects in which the counterclaim is allegedly inadequate. First, defendants have not stated the time when plaintiff warranted the quietness of the operation of the unit. If, as it appears, defendants are proceeding on the proposition that there was an express warranty, we think the point is well made. Whether or not the warranty was furnished before or after the time of signing the so-called contract appears to be a crucial factor in determining whether there was consideration therefor. Plaintiff's second objection to the counterclaim is that the term "proper heating unit" used by defendants is vague, indefinite, and a statement of a conclusion rather than of fact. Pa. R. C. P. 1019 $(a)$ requires that "the material facts on which a cause of action . . . is based shall be stated . . ." in the pleadings. Under the Pa. R. C. P. as under former practice, the pleader must state facts, not conclusions. Therefore, defendant should amend the counterclaim so as to describe the required heating unit specifically. Plaintiff's final objection is that the counterclaim fails to indicate the manner in which the air-conditioning unit was defective. Defendants have stated that it was noisy. However, if there were defects in the unit other than noisiness, they should be pleaded specifically. This is especially important to a plaintiff in a case such as the one at hand where the counterclaim is for a sum approximately twice as large as the original contract price.

### Order

And now, June 13, 1955, the demurrer to the counterclaim is overruled, the motion for more specific counterclaim is sustained and defendant is allowed 20 days from this date within which to file an amended counterclaim.