## Schwartz et al. v. Furman

*Sidney Ginsberg*, for petitioner.

*Jerome Furman*, for defendant.

FLOOD, J., December 19, 1955.—Petitioner is the assignee of a lease granted by defendant for premises

at 929 Walnut Street, to be used as a drug store. The lease was entered into in March of 1948 for a term of five years, and with the right in the lessee to extend it until March, 1963.

The lease contains the following clause which is in issue here:

"Lessor further agrees to furnish cold water to Lessee at all times, without any restriction as to quantity, during the original term of this lease and any renewal or extension thereof, without any extra charge to be made therefor to the Lessee."

In the summer of 1952 lessee had installed, with the permission of respondent-lessor, a $1\frac{1}{4}$ inch ferrule in addition to the $\frac{5}{8}$ inch ferrule which was already installed in the drug store. This additional ferrule was for the use of an air conditioning system which the lessee had installed. Respondent has paid the normal water and sewer charges for the $\frac{5}{8}$ inch ferrule, but refused to pay any additional charges imposed because of the installation of the additional ferrule. Lessee seeks a declaratory judgment ordering lessor to pay present charges, some of which have been paid under protest by lessee, and all future water and sewer charges.

The plain language of the clause requires respondent to pay all water charges. There is nothing ambiguous about his obligation as it is written. He argues that the contract should be construed to extend only to uses which were within the contemplation of the parties, citing Hay v. Baer, 48 Pa. Superior Ct. 231 (1911). Since the property was leased for use as a drug store the use of additional water for air conditioning might well have been within the contemplation of the parties in 1948, when this lease was executed. Defendant's cases are not in point.

The case of Hay v. Baer, supra, involved a clause

which was obviously not to take effect unless a certain condition occurred. In Disston Estate, 349 Pa. 129 (1944), the parties' conduct clearly indicated that they were contracting with reference to the assumed validity of a fact, the assumption of which was based on an error of law. The clause being construed in Ziff v. H. Daroff & Sons, Inc., 357 Pa. 326 (1947) was patently ambiguous. The courts in the cases of Hermann v. Henderson et vir, 353 Pa. 39 (1945), Commonwealth ex rel. v. United States F. & G. Co., 314 Pa. 140 (1934), both adopted a literal interpretation where the apparent hardship to the contracting party was as great as it would be upon respondent here. These latter cases are in reality authorities against respondent. The most that can be said here is that respondent made a bargain which turns out to be a poor one. The court cannot relieve him of his obligation merely for that reason.

### Decree Nisi

And now, December 19, 1955, it is ordered, declared and decreed that under the terms of the lease referred to in the petition:

(a) The obligation to pay all future annual minimum water and sewer rent bills and all future excess water and sewer rent bills to the City of Philadelphia for the leased premises rests solely with the lessor-defendant; and

(b) Defendant-lessor is ordered to pay the sum of $72.66 to petitioners on account of the 1955 annual water and sewer rent bill paid by petitioners; and

(c) Defendant-lessor is ordered to pay the sum of $185.65 plus interest and penalties to the City of Philadelphia for the excess water and sewer rent bill for the period of June, 1954 to January, 1955.

This decree shall become final if no exceptions are filed within 20 days.