Bomze *v.* M. Schwarz Textile Corp., Appellant.

Argued October 9, 1930.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham, Baldrige and Whitmore, JJ.

*Harry Shapiro,* for appellant.—A buyer cannot
maintain action for consequential damages for breach
of warranty of quality where a simple test is avail-
able and he made none before damage accrued:
Crunden Martin Mfg. Co. v. Turner, 274 Pa. 425;
Tinius Olsen Testing Mch. Co. v. Wolf Co., 297 Pa.
153; Beaunit Mills v. Burstein Bros., 92 Pa. Superior
Ct. 206.

*Thomas C. Egan,* and with him *Wolf, Block, Schorr
& Solis-Cohen,* for appellee, cited: Hoffman v. Hock-
field Bros., 75 Pa. Superior Ct. 595; Rex Auto Ex-
change v. Hoffman, 84 Pa. Superior Ct. 369.

OPINION BY LINN, J., January 30, 1931:

Plaintiff sued for breach of warranty of fast color in the sale of red broadcloth used to trim blouses, and has judgment on a verdict in the sum of $406.88 for consequential damages. He bought the broadcloth—64 yards—from defendant at 37½ cents a yard —$24 for the piece. Defendant appeals.

When the evidence was in, and counsel were about to go to the jury, the learned trial judge limited their argument as follows: "Gentlemen, you need not discuss more than one question—just whether an oral guarantee was given, as contended by the plaintiff, and if so, was it breached—that is, an oral warranty."

The evidence was sufficient to support findings that there was an oral warranty that the color was fast, and, that there was a breach of that warranty. Defendant's complaint here is that its motion for judgment n. o. v. was refused.

We think the court should have held as a matter of law that it appeared by the record—by the undisputed evidence offered on behalf of plaintiff—that he made no test or inspection of the material within a reasonable time as required by the sales act; that his failure to do so disentitled him to recover consequential damages.

On December 15th, less than three weeks before the purchase and sale of the 64 yard piece in suit, plaintiff had purchased from the defendant, for the purpose of making his samples, a 5 yard piece of the same broadcloth pursuant to written terms of sale, one being that "no claims will be considered after goods are cut; and all claims must be made within 5 days of receiving the goods." The 64 yard piece is not shown to have been bought pursuant to the same written conditions that applied to the purchase of the 5 yard piece. The 64 yard piece was delivered to him on January 8th and the evidence is not clear whether it was paid

for. Plaintiff subjected it to no test or inspection, but almost immediately began to use it, and after it had been sewed to the blouses and they were in the process of being laundered, he discovered that the color of the broadcloth trimming was not fast. His evidence on that subject is as follows: "......and I went to work and cut it into piping, narrow piping, and made up the blouses, and as soon as we started to launder them through the pressers, they immediately started to bleed right under the iron." This discovery was made on February 4th more than 3 weeks after the goods had been delivered. He then gave immediate notice to the defendant of the alleged breach of warranty. He testified that there were "different ways of testing;" one was to dampen the cloth and apply a hot iron; he also said that if he had dipped the cloth into water the color would have run. Asked by the court why he didn't wet the cloth before using it he said that he had had no trouble with the 5 yard piece purchased shortly before.

Buyer and seller may agree upon a warranty and specify that its terms shall operate for a given period of time if it is desired to postpone examination in the respects warranted beyond what might otherwise be regarded as a reasonable time or to accommodate themselves to the exigencies of the buyer's necessities; when, however, they do not specify a definite period of time, for inspection or test, the law supplies it by implying that the parties intended that the warranty should be effective a reasonable time only after acceptance of the goods. Section 49 of the Sales Act, 1915, P. L. 543, 557, provides: "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if, after acceptance of the

goods, the buyer fail to give notice to the seller of the breach of any promise or warranty, within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor.''

Under the evidence in this case, the buyer accepted the goods. Having accepted them, he could only hold the seller liable for breach of warranty by giving notice of the breach "within a reasonable time after the buyer knows or ought to know of such breach.'' Out of that provision, which is declaratory of the common law founded on business practice, grows the buyer's duty to inspect or test the goods within a reasonable time to determine whether they comply with the warranty. Performance of that duty is important to the seller. It is the plaintiff's own evidence that he did not perform that duty; that he made no inspection or test until more than three weeks after he had cut them up, notwithstanding that he testified to two simple methods of determining whether the color was fast. In determining the "reasonable time after the buyer knows or ought to know of such breach" it is important to consider exactly what the plaintiff did with the cloth. It was to be used by cutting it into narrow strips and sewing them on the blouses as trimming. His evidence is that when he received the cloth he began using it; he said: " . . . . . . probably we sent out the goods right away to be cut up. Of course it takes time to do that, we sent it out, and it takes a few weeks to get it from the cutters.''

We think that by omitting to make the simple inspection or test described by him as sufficient to learn whether the color was fast prior to February 4th, he disqualified himself from recovering the consequential damages claimed, and that, as there is no dispute about those facts, the court should have so declared as mat-

ter of law: Wright v. General Carbonic Co., 271 Pa. 332, and cases cited p. 339; see also Cruden Co. v. Turner, 274 Pa. 425, 431; Beaunit Mills v. Burstein, 92 Pa. Superior Ct. 206. In Tinius Olsen & Co. v. Wolf, 297 Pa. 153, 157, it was held that a period of 28 days in giving notice of rescission for breach of warranty was unreasonable; in the case at bar, plaintiff waited about twenty-six days, that was also too long. Wolstenholme v. Randall, 295 Pa. 131, relied on by appellee, does not aid him; it is clearly said, p. 139, in dealing with the element of reasonable time under section 49 of the act, that the lack of uniformity in the "artificial silk carded" involved in the suit, was not discoverable until manufactured into cloth. Here, as plaintiff says, the defect would have been easily discovered before the fabric was used.

We may add, that while the terms of the sale of the 5 yard piece, were not shown to have applied to the purchase of the 64 yard piece, it is not without general significance in determining what is a reasonable time in the premises, that plaintiff agreed then that 5 days was sufficient to determine whether he had received what he had purchased.

Judgment reversed and here entered for defendant.