Keystone Diesel Engine Company, Inc. *v.* Irwin, Appellant.

Argued March 22, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. Krzton,* with him *Lee L. Leonard,* for appellant.

*William C. Robinson,* with him *Henninger & Robinson,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 4, 1963:

This is an appeal from the order of the court below striking off a counterclaim filed in an action of assumpsit.

The plaintiff, Keystone Diesel Engine Company, Inc. (Keystone), is a dealer in diesel engines, and the defendant, Floyd T. Irwin (Irwin), operates tractor-trailers as a contract carrier. Sometime prior to July 1960, Keystone sold Irwin a diesel engine for approximately $3000 which was subsequently installed in a tractor. The engine did not function properly and the plaintiff Keystone performed certain modifications and repairs to the engine at its own expense. Subsequent repairs were required and the plaintiff performed the additional work allegedly based upon an oral contract with the defendant whereby the defendant agreed to pay the plaintiff for the additional work. The defendant refused to pay for the last mentioned repairs and the plaintiff brought this action of assumpsit to recover the amount due of $623.08. Defendant filed a counterclaim for loss of profits totalling $5150. The basis for this latter claim was the inability of the defendant to use the tractor for 27 days because of various breakdowns of the engine furnished by the plain-

tiff, all in contravention of an implied warranty of merchantability.

The lower court struck off the counterclaim on the basis that the claim for loss of profit was too speculative to permit recovery. For the purpose of this appeal, we must assume that all allegations of the defendant are true, and determine whether or not the counterclaim was properly stricken as a matter of law.

Where a contract is breached without legal justification, the injured party is entitled to recover (absent contrary provisions in the contract) whatever damages he suffered, provided (1) they were such as would naturally and ordinarily follow from the breach; (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract; (3) they can be proved with reasonable certainty: *Taylor v. Kaufhold,* 368 Pa. 538, 84 A. 2d 347 (1951) ; *Adams v. Speckman,* 385 Pa. 308, 122 A. 2d 685 (1956) ; Restatement, Contracts, §§330, 331. There is no doubt that in a contract of this nature a breach causing malfunction of the engine would produce a halt in productive capacity and some damage could flow therefrom. Moreover, there would be no difficulty in measuring these damages with reasonable accuracy. The real issue to be determined is whether the damages sought for loss of profit were within the contemplation of the parties to the contract here in dispute.

The Uniform Commercial Code provisions which are appropriate in the instant case read as follows: "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless *special circumstances*[1] show proximate damages of a different amount."[2]

---

[1] Emphasis supplied.

[2] Act of April 6, 1953, P. L. 3, §2-714(2), 12A P.S §2-714(2).

"In a proper case any incidental and consequential damages under the next section may also be recovered."[3]

"Consequential damages *resulting from the seller's breach* include (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise."[4]

"Special circumstances" entitling the buyer to damages in excess of the difference between the values as warranted and the value as accepted exist where the buyer has communicated to the seller at the time of entering into the contract sufficient facts to make it apparent that the damages subsequently claimed were within the reasonable contemplation of the parties: *Wolstenholme v. Randall,* 295 Pa. 131, 144 A. 909 (1929). The language in *Globe Refining Co. v. Landa Cotton Oil Co.,* 190 U. S. 540 (1903), at 545, gives the rationale of the foregoing rule as follows: " '[O]ne of two contracting parties ought not to be allowed to obtain an advantage which he has not paid for . . . . If [a liability for the full profits that might be made by machinery which the defendant was transporting . . .] had been presented to the mind of the ship owner at the time of making the contract, as the basis upon which he was contracting, he would at once have rejected it . . . . The knowledge must be brought home to the party sought to be charged, under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it.' "

In the case at bar, no facts are alleged that would put the plaintiff on guard to the fact that the defendant would hold the plaintiff responsible for any loss of

---

[3] Ibid subsection (3).

[4] Ibid §2-715 2(a).

profit arising from the inability to use the engine in question. Following the defendant's theory to its logical conclusion, whenever a motor vehicle is sold for use in a profit motivated enterprise and the seller warrants that the vehicle will function properly, the seller will be liable in damages for a breach of warranty to the extent of profits lost on completely unrelated business contracts, where those profits are lost due to the vehicle malfunctioning.

In *Macchia v. Megow*, 355 Pa. 565, 569, 50 A. 2d 314 (1947), the rule was stated, " 'Parties, when they enter into contracts, may well be presumed to contemplate the ordinary and natural incidents and consequences of performance or non-performance; but they are not supposed to know the condition of each other's affairs, nor to take into consideration any existing or contemplated transactions, not communicated nor known, with other persons. Few persons would enter into contracts of any considerable extent as to subject-matter or time if they should thereby incidentally assume the responsibility of carrying out, or be held legally affected by, other arrangements over which they have no control and the existence of which are unknown to them.' Sutherland on Damages, 4th ed. vol. 1, p. 182, §47." Anticipated profits are not recoverable unless within the contemplation of the parties when the contract was made: *Macchia v. Megow*, supra. Clearly, the claim for loss of profits in the instant case was not within the contemplation of the parties to this contract.

The order of the court below is affirmed.