**Tri-State Mach. Tools, Inc. v. Roco-Manser, Inc.**

*Robert I. Cottom,* for plaintiff.

*George B. Balmer* and *Walter M. Diener, Jr.,* for defendant.

BERTOLET, J., March 18, 1969.—In this action plaintiff's claim was not denied but defendant's counterclaim for damages for failure to equip a metal lathe with a factory mounted 4-way tool post as allegedly ordered by defendant was disputed. The jury, by its verdict in favor of plaintiff in an amount less than plaintiff's admitted claim, apparently found the contract for the lathe to be as contended by the defendant and allowed the latter a small amount of damages for the cost of obtaining and installing a substitute 4-way tool post in place of the 1-way or single-point post as delivered. The issue raised by the present motion is whether the trial judge erred in refusing to admit testimony to establish defendant's claim for loss of profits or increased costs of production in the amount of $2,500 over a period from June 27, 1966, to April 23, 1967, allegedly caused by want of a 4-way post.

Defendant's counterclaim is based on those sections of the Uniform Commercial Code of April 6, 1953, P. L. 3, secs. 2-714(2) and 2-715(2), 12A PS §2-714(2) and 12A PS §2-715(2) which permit special damages for breach of w a r r a n t y for nonconformity of tender of goods as ordered under "spe-

cial circumstances" and "loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know." Loss of profits or increased costs are not specifically mentioned in these sections.

The several cases in which the seller has been held liable for loss of profits have all been those in which the seller was informed by the buyer of a specific contract or purpose for which the machinery or goods sold were to be used: Wolstenholme, Inc. v. Jos. Randall & Bro. Inc., 295 Pa. 131 (1929); Taylor v. Kaufhold, 368 Pa. 538 (1951); Babcock Poultry Farm, Inc. v. Shook, 204 Pa. Superior Ct. 141 (1964); and Royal Pioneer Paper Box Manufacturing Co. Inc. v. DeJonge, 179 Pa. Superior Ct. 155 (1955). In the instant case, however, the seller knew nothing of any particular work for which the buyer intended to use the lathe, merely that the buyer did precision work and already had a lathe with a 4-way tool post. The rule is that "The knowledge must be brought home to the party sought to be charged, under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it": Keystone Diesel Engine Company, Inc. v. Irwin, 411 Pa. 222, 225 (1963). We do not believe that the rule when applied to the facts of this case shows that the seller should be responsible for any increased costs of production in any and all work that the buyer might do caused by the difference between a 4-way and a 1-way or single point tool post. Proof of such damages was therefore not admissible. If the defendant buyer is permitted to recover loss of profits in this case then almost every seller to a business buyer would be liable for loss of profits or additional operating expense in every case of nondelivery of equipment or raw material as ordered, which is not the law.

360

Plaintiff seller has advanced additional reasons why defendant buyer should not be permitted to recover on its counterclaim. One is that the evidence which defendant offered to introduce was irrelevant and improper because it proposed to prove a loss of income from the failure to deliver an Ikegai model lathe having a 4-way tool post by using another make lathe, viz., a Cazenueve model (already owned by the defendant), as the measure of the former's capacity without showing that the capabilities of the two makes were the same. The other reason is that the defendant is completely barred from making any counterclaim by the parol evidence rule in that although the written order for the lathe in suit referred to a printed catalogue which showed a picture of a 4-way tool post installed on the lathe, the purchase order also stated in a typewritten list of numerous items of "STANDARD EQUIPMENT" as follows—"American-style single point toolpost." We are of the opinion that both of these latter reasons are also good defenses to the instant motion for a new trial and we base our decision on them as well so that they may also be passed on by the appellate court.

For the reasons above mentioned defendant's motion for a new trial is denied and the rule issued thereon is discharged.