## Hayes Thorndale, Inc. v. Katamoonchink Corporation

*Ronald M. Agulnick,* for plaintiff.
*William H. Mitman,* for defendants.

SUGERMAN, J., May 8, 1974.—Plaintiff, a licensed real estate broker, filed its complaint in assumpsit, alleging that it entered into a written agreement with defendants whereby it was appointed exclusive agent for the sale of lands in West Whiteland Township owned by defendants; that, as one of its obligations under the agreement, it was required to and did prepare and submit to the appropriate municipal authorities a subdivision plan of defendants' lands, which plan was duly approved; that further, plaintiff procured a purchaser ready, willing and able to purchase defendants' lands who entered into an agreement with defendants to purchase the same; and that by reason of the existence of an easement across the said lands, known to defendants but unknown to plaintiff or the prospective purchaser, such purchaser elected to rescind the agreement and the transaction was never consummated.

Plaintiff, in essence alleging the existence of the easement and the failure of defendants to reveal the same to plaintiff or the prospective purchaser to be a breach of the agreement between plaintiff and defendants, seeks the commissions it alleges it would have earned but for the said breach.

Defendants* filed an answer and new matter to

---

* Excepting the individual defendants William R. McIlvaine and Louise M. McIlvaine, for whom no appearance has been entered, and who, at the date of argument, had not been served with a copy of the complaint.

plaintiff's complaint, alleging that the agreement was indeed breached, but that plaintiff was the breaching party in that it failed to properly perform the obligations imposed upon it by the agreement, including the prompt pursuit of subdivision approval and the close supervision of the performance of conditions imposed upon the prospective purchaser by the foregoing agreement of sale. Defendants additionally allege by way of defense that the existence of the easement was well known to plaintiff, and such was not the cause of the prospective purchaser's rescission. Defendants also filed a counterclaim against plaintiff, alleging that during the time period within which plaintiff agreed to assist in the development of defendants' lands, the Township Planning Commission recommended that the zoning classification thereof be changed from a commercial classification to a classification permitting residential use only; that had plaintiff properly performed its agreement, defendants' lands would have been sold before the contemplated change in zoning was announced; and that as a result of such contemplated change and the public hearings held thereon, and, of course, plaintiff's breach, the value of defendants' lands has been depressed to the extent of some $165,000. The defendant corporation further alleges that in reliance upon plaintiff's promise to perform under the agreement, it elected to liquidate, and by reason of the failure of the plaintiff to so perform, the corporate defendant must sell its lands at a substantial loss or sustain a confiscatory tax levy, thereby suffering damages in the amount of $135,000.

Plaintiff filed its reply to defendants' new matter, substantially denying the allegations thereof, and preliminarily objected to defendants' counterclaim, demurring on the one hand and, in the alternative, seeking a more specific pleading.

## DEMURRER

Plaintiff's demurrer to defendants' counterclaim, consisting of two paragraphs, avers in substance that the damages claimed by defendants are not cognizable in law, and were not within the contemplation of the parties.

Preliminary objections to a pleading in the nature of a demurrer admit as true all well-pleaded material facts set forth in such pleading, as well as all inferences reasonably deducible therefrom: Clevenstein v. Rizzuto, 439 Pa. 397, 266 A. 2d 623 (1970); Reardon v. Wilbur, 441 Pa. 551, 272 A. 2d 888 (1971). In determining whether a demurrer should be sustained, two standards must be considered: (1) the question at issue is not whether the pleading is so clear in form and specification as to require no amendment before the pleader is entitled to proceed to trial, but whether upon the facts averred, no recovery in law is permitted, and (2) where a doubt exists as to whether a demurrer should be sustained, such doubt should be resolved in favor of overruling it: Birl v. Philadelphia Electric Company, 402 Pa. 297, 167 A. 2d 472 (1960).

The second paragraph of plaintiff's demurrer avers that the damages claimed by defendants in the counterclaim are incidental damages, not contemplated by the parties and not cognizable at law. We read such paragraph as setting forth two grounds of attack: (1) the damages claimed by defendants are not cognizable at law because they are incidental and not within the contemplation of the parties (implying that if the incidental damages had been within the contemplation of the parties, they might be cognizable at law), and (2) the damages claimed by defendants, being incidental, are not cognizable at law.

Insofar as this paragraph of plaintiff's demurrer challenges the legality of the damages claimed by the defendants, the demurrer is overruled. Preliminary objections in the nature of a demurrer are an inappropriate means by which to challenge the legality of damages: Suraci v. Ball, 160 Pa. Superior Ct. 349, 51 A. 2d 404 (1947); Goodrich-Amram, §1017(b)-11 (1973 Supp., page 242). And see Hudock, et al. v. Donegal Mutual Insurance Company, 438 Pa. 272, 264 A. 2d 668 (1970), reaffirming this principle, and suggesting the appropriate means through which to challenge an allegation of damages not legally recoverable is by preliminary objection in the nature of a motion to strike off impertinent matter.

Insofar as this paragraph of plaintiff's demurrer challenges defendants' demand for damages on the ground that the same were not within the contemplation of the parties, such basis will be considered below, together with the first paragraph of the demurrer.

The said first paragraph of the demurrer avers in substance that the zoning of the subject tract was never a factor in the transaction between defendants and the prospective purchaser produced by plaintiff, and inasmuch as plaintiff's claim is based on such transaction, any subsequent change in zoning classification is irrelevant and not a basis for damages. Additionally, as noted, plaintiff's demurrer suggests that a change in zoning, as an element of damages for which plaintiff might be liable in the event of its breach of the agreement, is incidental and not within the contemplation of the parties.

Examining defendants' counterclaim, we note the damage claims to be in two categories: (1) damages flowing from a depression in defendants' land value resulting from a proposed change of zoning classifica-

tion, defendants averring that their lands would have been conveyed prior to such recommended zoning change had plaintiff properly performed its undertakings; and (2) damages resulting from the defendant corporation's election to liquidate, which election was made by the defendant corporation in reliance upon proper performance by plaintiff, and which election, absent such proper performance, has caused defendant corporation to suffer damage by either selling its lands at a substantial loss, or suffering the imposition of a tax it terms confiscatory.

Damages for which compensation may properly be claimed and allowed are such only as naturally and ordinarily flow from breach of the contract in issue: Macchia v. Megow, 355 Pa. 565, 50 A. 2d 314 (1947). Damages should be such as may fairly be supposed to have entered into the contemplation of the parties when they entered into the contract, or such as might, according to the ordinary course of things, be expected to follow a breach of the contract: Billmeyer, Dill & Co. v. Wagner, 91 Pa. 92 (1879); Exton Drive-In, Inc. v. Home Indemnity Company, 436 Pa. 480, 261 A. 2d 319 (1969), cert. den. 400 U. S. 819, 27 L. Ed. 2d 46 (1970). Conversely, damages which do *not* arise naturally from a breach of the contract, or which are *not* within the reasonable contemplation of the parties are not recoverable: Macchia v. Megow, supra. And see Keystone Diesel Engine Co., Inc. v. Irwin, 411 Pa. 222, 191 A. 2d 376 (1963).

Analyzing each of the categories of damages against this legal background, it is first noted that the subject of corporate liquidation nowhere appears in any of the exhibits annexed to the pleadings. Nor does the counterclaim allege that knowledge of such proposed liquidation was imparted to plaintiff. The proposed liquidation appears simply to have been a unilateral

decision made by defendant corporation, based upon facts and circumstances known only to it, and unrelated to the principal transaction. In short, the clear implication is that the proposed liquidation was a business judgment made by the corporate defendant to obtain a tax advantage in light of the pending transfer of its real estate, based upon financial and other factors peculiar to defendants' business and financial position.

While parties entering into contracts may well be presumed to contemplate the ordinary and natural consequences of nonperformance or breach, they are not supposed to know the condition of each other's affairs, nor to take into consideration any existing or contemplated transactions not communicated or known to other persons: Macchia v. Megow, supra. As was well said in Macchia v. Megow, supra, quoted with approval in Keystone Diesel Engine Co., Inc. v. Irwin, supra:

"Few persons would enter into contracts of any considerable extent . . . if they should thereby incidentally assume the responsibility of carrying out, or be held legally affected by, other arrangements over which they have no control and the existence of which are unknown to them."

Thus, inasmuch as the claim for damages alleged to have occurred by reason of the corporate defendant's election to liquidate is directly related to the corporate defendant's internal and business affairs, and was not likely to be known to plaintiff at the time it undertook to perform its agreement, and defendants' counterclaim fails to aver plaintiff's knowledge thereof, the demurrer must be sustained as to such claim.

Lastly, we must face the question of whether the parties contemplated upon the date of the contract that in the event plaintiff failed to perform, a subse-

quent change in the zoning classification of defendants' lands might depress the value thereof, or whether such change or contemplated change in zoning classification and consequent depression in value might, "according to the ordinary course of things," be expected to follow plaintiff's breach.

We believe the very statement of the question must lead to the single conclusion that such change in classification was not contemplated by the parties, and was not such an event as would be expected to follow plaintiff's breach.

Firstly, it is nowhere alleged in the counterclaim that the zoning classification of defendants' lands has, in fact, been changed. It is only alleged that planning commission of the township in which such lands are located has recommended a change, and that public hearings have been conducted upon such recommendation. Nextly, it is clear that plaintiff had no control whatever over the agencies of township government possessing the power to zone defendants' lands. Nextly, the subject of zoning is nowhere mentioned in any of the documents annexed to the pleadings, including the agreement between plaintiff and defendants forming the basis of plaintiff's action. Nor do defendants' pleadings in themselves allege knowledge and assumption of the risk that a change in zoning classification might occur.

We do not believe that by undertaking to assist defendants in obtaining subdivision approval, and to sell defendants' lands, plaintiff thereby assumed the risk that upon failure to so perform, the zoning classification of defendants' lands might be changed, an event over which plaintiff had no control, thereby resulting in a diminution of value. Cast in the language of Macchia, supra, such proposed or recommended change in zoning classification does not

appear to be an ordinary and natural incident or consequence of the performance or nonperformance of the agreement, but is rather incidental thereto. Being incidental, there must be at least an allegation that plaintiff knew when he executed the agreement that defendants reasonably believed plaintiff executed the agreement with full knowledge that such risk was upon plaintiff. Accordingly, plaintiff's demurrer as to this aspect of defendants' counterclaim must be sustained as well. Deciding thus, we need not treat plaintiff's motion for a more specific pleading.

## ORDER

And now, to wit, May 8, 1974, plaintiff's preliminary objection in the nature of a demurrer is sustained, and defendants are hereby granted 30 days within which to file an amended counterclaim.