## Sutmeyer, Appellant, *v.* Thornton.

*Landlord and tenant—Tenant by sufferance—Holding over—Use and occupation.*

Where a person enters into possession of premises under a lease from several cotenants, and after the expiration of his term and

after a decree in partition proceedings, holds over, he becomes after the partition, a tenant by sufferance, and if the allottee of the premises does not treat him as a trespasser by terminating his tenancy, he is liable in assumpsit for use and occupation of the premises.

Argued April 13, 1916.    Appeal, No. 36, April T., 1916, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2851, on verdict for defendant in case of Sarah Sutmeyer and Ethel Sutmeyer McKee v. James J. Thornton.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Assumpsit for use and occupation of real estate.    Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*J. E. Little,* with him *W. L. McConegly,* for appellant, cited: Bush v. National Oil Refining Co., 5 W. N. C. 143; Williams v. Ladew, 171 Pa. 369.

*George B. Berger,* with him *Donald Thompson* and *George H. Calvert,* for appellee.—This is an action of assumpsit to recover for use and occupation, but such an action cannot be maintained unless founded upon a contract, either express or implied: Brolasky v. Ferguson, 48 Pa. 434; Wilkes-Barre v. Chase, 7 Pa. Superior Ct. 343; Tourison v. Engard, 30 Pa. Superior Ct. 179.

OPINION BY HENDERSON, J., July 18, 1916:

This is an action for use and occupation.    The heirs of Henry Sutmeyer were the owners of the premises No. 901 and No. 903 Federal street.    They leased No. 901

and one room on the second floor of 903 to the defendant, who kept a hotel in the demised premises.   During the defendant's occupancy a proceeding for partition of the estate was instituted, which was finally confirmed July 10, 1909.   Under the allotment the plaintiffs acquired premises No. 903, and soon thereafter Edward G. Lang was made their agent to lease and collect rents for them.   The defendant remained in possession of the room he occupied in No. 903 until the middle of May, 1912, without paying rent, the plaintiffs' agent having the impression that the lease made by the heirs before the partition did not terminate until May 1, 1912, the fact being, however, that he held the demised premises after May 1, 1909, on a lease from year to year.

The plaintiffs claim for the use of that part of No. 903 occupied by the defendant from the day of the partition to the 31st day of May, 1912.   The court gave binding instructions for the defendant without stating the reasons for such action, but it appears from the opinion filed in disposing of a motion for a new trial, that the decision was based on the ground that there was no holding of the defendant by permission of plaintiffs necessary to a tenancy at will, nor was there such wrongful holding from having lawful possession as would constitute the defendant a tenant at sufferance.

That the defendant went into the occupancy of part of No. 903 as a tenant is evident.   Whether he occupied the whole or a part of that building, he was there under a contract with the Sutmeyer heirs, and sustained the relation to them of a tenant.   If he had leased the whole of 903 and had continued in possession after the partition with the consent of the heirs, to whom that building was allotted, it could hardly be asserted that he was not there under contract, and the fact that he had a portion only of the building, and that used in connection with one in which the plaintiffs had no title after the partition does not change his attitude in this respect.

After the termination of his lease from all the heirs,

and after the partition, if he held over, he became a tenant at sufferance, unless the owners treated him as a trespasser by terminating his tenancy, or consented to his continuance as a tenant. He cannot dispute the relation which he assumed by holding over. It is true he did not obtain a lease from the plaintiffs when they became the exclusive owners, but he was not a trespasser. He continued in the occupancy of the plaintiffs' part of the premises, formerly leased by all the Sutmeyer heirs. It is true the agents of the plaintiffs understood that he was there under the old lease, but they had knowledge that he was in possession of the room in the plaintiff's building. The law will imply a promise to pay for use and occupancy so acquired and continued: Bush v. National Oil Refining Co., 5 W. N. C. 143.

It was said in Grove v. Barclay, 106 Pa. 155, that an implied contract for use and occupation may arise from the use of the premises by the tenant and the sufferance of the landlord.

To the same effect is Williams, et al., v. Ladew, et al., 171 Pa, 369, where it was said that while some of the earlier cases supported the common law doctrine that tenants at sufferance were not liable for rent, the contrary rule was declared in Bush v. National Oil Refining Company, supra, and that such a tenant is liable in assumpsit for use and occupation for the interval between the termination of the lease and the election of the lessor to treat him as a trespasser.

The defendant went in under a lease from the plaintiffs and their cotenants. He remained in possession of the part of No. 903 after the partition with the consent of the plaintiffs. The misunderstanding by their agent of the length of the term granted him by the Sutmeyer heirs could not have the effect to alter the character of his occupancy and relieve him from all liability for the use of the premises as a tenant or otherwise.

We regard the facts as sufficient to support the action and to create a liability on the part of the defendant if

no other grounds of defense are presented than the question of law stated in the opinion of the trial court.

The judgment is reversed with a venire facias de novo.