Craig *v.* Taylor (et al., Appellant).

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*T. P. Dunn,* with him *John A. Bowler* and *Agresti & Agresti,* for appellants.

*P. A. Stephany,* with him *English, Quinn, Leemhuis & Plate, Charles J. Margiotti* and *Margiotti & Casey,* for appellee.

OPINION BY RENO, J., December 23, 1946:

This is an appeal by Henry Kaufhold from the refusal of the court below to open a judgment in ejectment entered upon a confession in a lease. Appellant did not execute the lease, and was not named as a defendant in the judgment. Taylor, the lessee, against whom the judgment was entered, did not seek to open it, and is not a party to this appeal.

On March 27, 1944, J. Reed Craig, appellee, leased premises to Forest R. Taylor for a term beginning April 1, 1944, and ending March 31, 1946. On November 12, 1945, Taylor verbally assigned the lease to Henry Kaufhold, appellant, to which Craig assented in writing. After the expiration of the lease, on April 3, 1946, Craig entered judgment upon the confession naming only Taylor as defendant, and on the same day issued a writ of habere facias possessionem in which Kaufhold was named as terre tenant.

Appellant, without intervening as a party defendant, petitioned the court to open the judgment. The pleadings disclose that, after Taylor had sold his restaurant business conducted upon the premises to Kaufhold and verbally assigned the lease to him, Taylor secured from Craig a new lease for the premises beginning April 1, 1946. This, appellant alleges, was a fraudulent violation of an oral understanding he had with Taylor whereby appellant was to remain in possession under the renewed lease. This verbal agreement has become the subject of a bill in equity in the court below wherein appellant seeks an injunction to restrain Taylor from taking over the new lease. Craig was not a party to the understanding, is not involved in the alleged fraud, and is not a party to the equity suit. The sole ground for relief suggested in the petition and at the argument is that as between appellant and Taylor the former is in equity entitled to possession under the new lease and that Craig, although not a party to the oral understanding, is equitably bound to recognize appellant as his tenant for the succeeding term.

Our statement of the factual situation clearly reveals that the appeal cannot be sustained. Appellant is not a party to the judgment, and did not become a party by intervention. He was a subtenant; he had not signed the confession of judgment; and judgment could not be entered against him, although he was subject to

eviction on a writ of possession. *Stewart v. Lawson,* 181 Pa. 549, 37 A. 518. Not being an original party, and not having become one by intervention, he is without standing to question the judgment. *Jordan's Petition,* 331 Pa. 270, 1 A. 2d 152. Furthermore, upon the face of the record, it is apparent that his petition does not allege a defense to the judgment, nor question Craig's power to enter it. His controversy is exclusively with Taylor, and this will be litigated in the equity suit. The chancellor may, if legal cause is shown, grant a temporary restraining order pending the outcome of that case, and thereby grant appellant all that he has been seeking by his petition to open the judgment and by this appeal.

Appellee invoked our Rule 63, and filed motions to dismiss and to quash. Without discussing all the questions raised by the motions, we shall sustain the latter, and thereby remove the possibility that our disposal of his appeal might prejudice appellant's suit on the equity side of the court below.

Appeal quashed.