## Eisen v. Eisen

*S. C. Nissenbaum* and *D. Kanner*, for plaintiff.
*Michael Sax* and *Roper & Caldwell*, for defendant.

WINNET, J., March 2, 1949.—This is a suit in assumpsit. Plaintiff's first complaint was held defective. Defendant has filed preliminary objections to the amended complaint, which must be sustained.

Plaintiff is suing to recover the sum of $450. In both complaints he alleged that he became owner of

premises 1542 S. Seventh Street, Philadelphia, on October 25, 1948. He notified defendant, who was in possession, that after November 1948 he would charge him at the rate of $150 per month if he remained on the premises. In the first complaint plaintiff alleged that the notice given to defendant stated that the charge for remaining on the premises would be a "rental" of $150 per month. Preliminary objections to this complaint were sustained since there was no agreement on the part of defendant to pay such rental.

The amended complaint says in paragraph three that defendant was notified that he would be charged for use and occupation at the rate of $150 per month. Even if we ignore the notice attached, which calls for a "rental", there is nothing in the complaint to indicate that defendant agreed to pay any sum for use and occupation. It is true that where there is a prior lease, and there is a holding over, the action may be brought in assumpsit for use and occupation: Sutmeyer v. Thornton, 63 Pa. Superior Ct. 607. But where there is no prior contractual relationship between the parties, or where no privity is shown in the complaint from which an agreement could be implied, the action must be brought in trespass. From the allegations in the amended complaint defendant is a trespasser. He is on property belonging to plaintiff and he must be proceeded against in trespass: Allwein v. Brown, 29 Pa. Superior Ct. 331; Tourison v. Engard, 30 Pa. Superior Ct. 179.

The preliminary objections are sustained. It would serve no purpose to give plaintiff another opportunity to amend the complaint, nor to give judgment for defendant. The action should be discontinued and suit brought in trespass unless the parties by stipulation agree that the case may be continued as if brought in trespass.