Merlin *v.* Mazer, Appellant.

Argued March 22, 1949. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J.,
absent).

*M. E. Maurer*, with him *Wexler & Weisman*, for
appellant.

*Henry E. Skaroff*, for appellee.

160

OPINION BY ARNOLD, J., July 15, 1949:

The plaintiff-landlord recovered a judgment for possession of demised premises in an appeal from a similar judgment given by a magistrate, and the tenant brings the matter here.

The landlord succeeded to the rights of the lessor and the tenant succeeded to the rights of the lessee, in a written lease demising "all that certain main store . . . [describing location] . . . in the City of Philadelphia." For a long time before the present proceedings, and apparently before the plaintiff acquired the real estate, a portion of the store was converted into living quarters. The Emergency Price Control Act was enacted and the Office of Price Administration set separate maximum rents on the store and on the dwelling, but the lease itself was never changed.

Thereafter the store portion of the property was decontrolled. The dwelling portion was not.

Passing by many frailties,—procedural, evidential and substantive,—in the plaintiff's case, the present appeal can be disposed of on a single ground.

The demise was for a single piece of property, to wit, a large store room. When a portion of it was converted into a small apartment (with full knowledge of the present plaintiff and his predecessor in title), it was still but a single demise. The present action is to recover possession merely of the part of the demised premises now used as a store, and excluding the living apartment. This was stated at the trial and is repeated in the appellee's brief.

The plaintiff's cause of action cannot be split. He cannot recover a portion of the demised premises and later recover the other portion. He must recover possession of all or nothing, and since he admits that he is not entitled to recover possession of all, there remains only the alternative. We cannot redraft the lease to provide for two separate demises, one of the store and

one of the apartment, with a separate monthly rental for each.

The defendant-appellant is a sub-lessee or assignee. He executed no new contract and is not bound by the waiver of the right of appeal or the release of errors made in the written lease by the original lessee: *Craig v. Taylor*, 160 Pa. Superior Ct. 101, 50 A. 2d 118. In addition, the original waiver and release were only as to any *judgment in ejectment confessed* under the original lessee's warrant. The present proceeding was under the statute and not by confession under the warrant.

The judgment is reversed and here entered for the defendant.