## Taylor *v.* Kaufhold, Appellant.

Argued September 24, 1951.   Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*J. V. Agresti,* with him *Agresti & Agresti* and *T. P. Dunn,* for defendant, Henry Kaufhold, appellant in No. 139.

*John E. Britton,* with him *Gifford, Graham, Mac-Donald & Illig,* and *O. J. Graham,* for defendant, Peerless Casualty Company, appellant in No. 154.

*Frank B. Quinn,* with him *Howard N. Plate, Quinn, Leemhuis, Plate & Dwyer* and *Paul A. Stephany,* for plaintiff, appellee.

OPINION BY MR. JUSTICE BELL, November 15, 1951:

Suits arising out of the transactions here involved have twice before been before the appellate courts and were offered in evidence in this case; hence the facts covered a wide range and were voluminous. We shall discuss, however, only those facts which we think are pertinent and important.

Taylor, as lessee, on *April 1, 1944,* entered into a two year written lease with Craig who *owned* the demised *premises* but not the restaurant business which was conducted thereon. In the latter part of 1945, Taylor was in ill health and wished to go West for a rest cure and to have his close friend, Kaufhold, operate the restaurant and liquor business which Taylor had been conducting on the demised premises. On *November 12, 1945,* Taylor and Kaufhold had a meeting with Craig and desired Craig to consent to an assignment of the lease by Taylor to Kaufhold, explaining that the arrangement was merely temporary until Taylor regained his health. *Taylor at that time also requested Craig, in the presence of Kaufhold, to make a new lease to him, Taylor, for three years commencing April 1, 1946;* and to these requests Craig agreed. That same day, viz.: November 12, 1945, Taylor sold the restaurant business to Kaufhold and assigned to him his (two year) lease, which had 4½ months to run, and shortly thereafter Craig approved in writing this assignment.

On *November 15, 1945,* Craig, in fulfillment of his oral agreement, entered into a new written lease with Taylor for the same premises, the lease to commence *April 1, 1946.*

*Kaufhold held over after the expiration of the original lease of April 1, 1944.* On *April 3, 1946,* Craig, the owner and landlord, entered an amicable judgment of *ejectment* against Taylor (his lessee), and issued a writ of habere facias naming Kaufhold, the present

defendant, as terre tenant. Kaufhold then filed a motion to open the judgment; upon the dismissal of his motion, he appealed to the Superior Court of Pennsylvania. In order to perfect that appeal and to have it act as a supersedeas, Kaufhold, as principal, and Peerless Casualty Company, as surety, entered into a bond in the face amount of $5,000. The Superior Court quashed Kaufhold's appeal (*Craig v. Taylor,* **160** Pa. Superior Ct. 101, 50 A. 2d 118); *but in the meantime Kaufhold remained in possession of the premises until* after the decision of the Superior Court on *January 24, 1947. All costs* arising out of Craig's ejectment proceedings against Taylor, and the appeal therein by Kaufhold, for which the above mentioned surety bond had been given, *were paid in full and no money judgment remains unpaid.*

Taylor thereupon brought an action *in assumpsit* against Kaufhold, individually, and against Kaufhold and the Peerless Casualty Company on their aforesaid supersedeas bond. Taylor's complaint averred that *the value of the leasehold premises* from April 1, 1946 to January 24, 1947, was $18,722.40 "and the plaintiff has been *damaged by being deprived of said leasehold*[*] by the defendant, Henry Kaufhold, during said period in that amount". *The Jury found a verdict for plaintiff in the amount of $14,254.90.* The verdict was then moulded by the court with the approval of all parties concerned into a verdict of $5,000. against Kaufhold and the Peerless Casualty Company, (based on their supersedeas bond), and $9254.90 against defendant, Kaufhold. This verdict was predicated not on the rental value of the leasehold, but on the profits which plaintiff would have made if Kaufhold had not illegally retained possession of the premises. Both defendants contend

---

[*] Italics throughout, ours.

(1) that plaintiff has joined an action in tort with claims in assumpsit for breach of contract, and (2) that the reasonable rental value of the premises is the correct measure of damages, and not the estimated loss of profits, and (3) that with respect to the surety, there could be no recovery by this plaintiff on a surety bond which was not given for his benefit, and the obligations of which have been fully performed.

Plaintiff's claims against these defendants were tried together in one action and were argued before us as one case and we shall accordingly so treat them.

We shall first dispose of plaintiff's claim based upon the surety bond. The surety bond upon which plaintiff is suing both defendants was made by Kaufhold, principal, and Peerless Casualty Company, as surety, to the Commonwealth of Pennsylvania for *"the use of all proper parties in interest"*, as required by §5 of the Act of May 19, 1897, P. L. 67, 12 P.S. 1137. The bond further provided: "Now the condition of this obligation is such That if the above appeal shall be prosecuted with effect and appellant will not commit, or suffer to be committed, any waste on the property in dispute, that he will pay *whatever mesne profits accruing after the judgment* shall be thereafter recovered against him, and all costs and damages awarded by the appellate court or legally chargeable against him, then this bond shall be void and of no effect; otherwise to remain in full force and virtue."*

It will be recalled that this supersedeas bond was given in a suit in which Craig brought an action of ejectment and secured judgment against his lessee,

---

* This bond was given in accordance with, and the condition of the bond was a verbatim repetition of the conditions required and set forth in §10 of the Act of May 19, 1897, supra.

Taylor. Taylor, who was defendant in the ejectment proceedings, not only lost that case, but took no part in Kaufhold's appeal. While the supersedeas bond was given for the use of *all proper parties in interest,* the proper party in interest and the only proper party in interest in that appeal was Craig, who was plaintiff and landlord and owner of the judgment which was being appealed from and temporarily superseded. Moreover Craig is not a party to this suit, having been paid his rent and costs in full, and is not asking any relief in this case. Under all these facts we are unable to see how Taylor, the unsuccessful defendant in the ejectment proceedings, can successfully contend that the supersedeas bond was given for his benefit or that he was a *proper party in interest* within the meaning of the bond.

With respect to Kaufhold's appeal, it will be necessary to emphasize certain facts. Prior to the assignment of the existing lease by Taylor to Kaufhold, and prior to the new lease by Craig to Taylor, *Kaufhold knew that Taylor,* if he recovered his health, *intended on April 1, 1946 to conduct or to continue a restaurant and liquor business on the demised premises.* Taylor's covenant in the lease of April 1, 1944, to deliver up the premises to Craig in good order and repair at the end of the term was equally binding upon Taylor's assignee, Kaufhold, since a covenant to deliver up possession of the premises runs with the land and binds the assignee: *Pollard v. Shaffer,* 1 Dallas 210; *Normile v. Martell,* 95 Pa. Superior Ct. 139. It is obvious therefore, that Kaufhold's retention of possession of the demised premises, after the expiration of the lease, was morally, equitably and legally unjustifiable.

Plaintiff did not sue Kaufhold in trespass on the case, nor did he bring an action of ejectment and claim damages therein, perhaps because the law is not clear as to whether ejectment would lie by a tenant who had

never been in possession.* Could he, a tenant, bring an action of assumpsit or of trespass against Kaufhold, a hold over assignee, and if so, what was the measure of damages?

It has been expressly decided that a landlord can sue a tenant who illegally holds over *in assumpsit* for use and occupation during the hold over period *if he elects to treat the holding over as one of tenancy,* but if he elects to regard the hold over tenant *as a trespasser he cannot recover in assumpsit* on the ground of an implied contract, but can recover in trespass on the case: *Keown v. Mallissee,* 57 Pa. Superior Ct. 592, 596; *Grove v. Barclay,* 106 Pa. 155; *Williams v. Ladew,* 171 Pa. 369, 377, 33 A. 329; *Bush v. National Oil Refining Co.,* 5 W.N.C. 143; *Sutmeyer v. Thornton,* 63 Pa. Superior Ct. 607, 610.

Since these decisions, the distinctions between trespass and assumpsit have been, in the interest of justice, to a large extent abolished, and therefore in this case the form of the action should not prevent the recovery of damages to which the injured party is justly entitled and which he successfully proved: *Littler v. Dunbar,* 365 Pa. 277, 74 A. 2d 650; *Wright v. Eureka T. Copper Co.,* 206 Pa. 274, 276, 55 A. 978; *New York & Pennsylvania Co. v. New York Central R.R.,* 267 Pa. 64, 76, 77, 110 A. 286; *Barrilo v. Frank,* 116 Pa. Superior Ct. 461, 463, 177 A. 58; *Radel v. Seib,* 105 Pa. Superior Ct., 75, 79, 159 A. 182.

*Littler v. Dunbar,* 365 Pa., supra, is particularly applicable. In that case an agent made false representations which were unauthorized and unknown to his principal. Plaintiff erroneously brought a suit in tres-

---

* Cf. *Sennett v. Bucher,* 3 Penrose & Watts 392; *Dime Bank & Trust Co. v. Walsh,* 143 Pa. Superior Ct. 189, 17 A. 2d 728; *Barnsdall v. Bradford Gas Co.,* 225 Pa. 338, 74 A. 207.

pass for fraud and deceit instead of an action of assumpsit to recover from the innocent principal the down money. We held that notwithstanding the erroneous form of action, the verdict, being for an amount which could properly have been recovered in a suit in assumpsit, should be sustained and judgment was here entered on the verdict. Justice STEARNE in his opinion said (p. 279) : " '. . . the form of action is amendable at any stage of the proceedings: Act of May 10, 1871, P. L. 265; New York & Pennsylvania Co. v. New York Central R.R. Co., 267 Pa. 64, 76, 77.' . . . 'Scarcely any procedural defect is viewed with greater tolerance by modern courts than errors in the form of the action.' . . . 'When the facts ultimately proved are properly alleged and there has been a trial on the merits, pleadings are not of much, if any, account: Readdy v. Borough of Shamokin, 137 Pa. 92, 20 A. 424. If it is expedient, as a nod to formalism, the proper amendment will be considered to be made: Nock v. Coca Cola Bottling Co., 102 Pa. Superior Ct. 515, 520, 156 A. 537, and cases cited.' "

If plaintiff, tenant under a lease, had brought an action of trespass on the case, he could have recovered whatever direct damages he suffered for the injury to his use or enjoyment of the property, provided they were the natural and proximate result of the trespass, i.e., he would be entitled to recover whatever damages were the natural and proximate result of defendant's wrongful nine months' trespass: *Seely v. Alden,* 61 Pa. 302, 305; 52 Am. Jur., Trespass §50, p. 875; 15 Am. Jur., Damages, §157, p. 573; 25 C.J.S., Damages, Torts, §44, p. 523.

While the basis of plaintiff's claim is at times confusing, *it is clear (a) that he sued in assumpsit, and (b) that he sued for and proved the damages he suffered by Kaufhold's failure to deliver the premises to him on*

*April 1, 1946.* On this latter point, Kaufhold contends that the usual measure of damages, viz: the rental value of the demised premises for the time possession thereof was illegally withheld, is the true and only measure notwithstanding the fact that this would deprive plaintiff of his anticipated profits and enable defendant, by his wrongful act, to make thousands of dollars out of property to which Taylor was entitled. We do not agree with this contention.

*Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages he suffered, provided* (1) *they were such as would naturally and ordinarily result from the breach,* or (2) *they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract,* and (3) *they can be proved with reasonable certainty*: *Macchia v. Megow,* 355 Pa. 565, 50 A. 2d 314; *Lambert v. Durallium Prod. Corp.,* 364 Pa. 284, 72 A. 2d 66; *Clyde Coal Company v. Pittsburgh & Lake Erie R.R. Co.,* 226 Pa. 391, 75 A. 596; *Billmeyer Dill & Co. v. Wagner,* 91 Pa. 92; *Spiese v. Mutual Trust Co.,* 258 Pa. 422, 102 A. 121; *Raby, Inc. v. Ward-Meehan Co.,* 261 Pa. 468, 104 A. 750; Restatement, Contracts §§330, 331; 15 Am. Jur. §151, p. 561.

The loss of profits which would naturally and likely result from defendant's breach of this lease was undoubtedly within the contemplation of these parties at the time they made the contract or lease as well as at the time of breach; and plaintiff proved his loss of profits with reasonable certainty.

The judgment, so far as it is in favor of Taylor against Henry Kaufhold and Peerless Casualty Company, in the sum of $5,000. with interest thereon from the 11th day of October, 1950, is affirmed as to Henry Kaufhold, but is reversed as to Peerless Casualty Com-

pany and judgment non obstane veredicto is here entered for Peerless Casualty Company. So far as the judgment is in favor of Taylor against Henry Kaufhold in the sum of $9254.90, with interest thereon from the 11th day of October, 1950, it is affirmed.