## Ace Equipment Co., Inc. v. Aqua Chem, Inc.

*Joel Breitstein*, for plaintiff.
*Bernerd A. Buzgon*, for defendant.

GATES, *P. J.*, October 16, 1975—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in equity. The preliminary objections complain that plaintiff has an adequate remedy at law for damages and, in addition, demurs to the complaint for substantially the same reason.

It is defendant's contention that plaintiff has not stated a case for equitable relief in the nature of specific performance of a contract for the sale, inter alia, of a used 6000 KVA General Electric Transformer. Defendant contends that plaintiff has a complete and adequate remedy at law for money damages.

In this posture of the record, the following facts are deemed to be admitted. On or about March 30,

1973, plaintiff's written offer to purchase a used 6000 KVA General Electric Transformer was accepted in writing by defendant for the price of $1,800. Plaintiff avers that there were other items of personal property included within the scope of the agreement which defendant delivered to plaintiff.

However, plaintiff tells us that on April 12, 1973, the transformer was loaded on board a truck supplied by plaintiff, intending to deliver it to one Frank Lunney with whom plaintiff had an agreement to sell it for the price of $7,500. But plaintiff says that defendant wrongfully, and without prior notice to plaintiff, refused to allow the truck to leave and that defendant has retained possession of the transformer since that time.

Plaintiff further alleges that defendant was made aware of the transaction between plaintiff and Lunney and that defendant is aware that plaintiff is still obligated to perform its contract to Lunney and has not only lost the benefit of the sale, but is subject to consequential damages as a result of the failure to perform.

We agree with defendant that, ordinarily a bill for specific performance for the sale of personalty will not be entertained by a court of equity. However, the Uniform Commercial Code provides, in pertinent part, as follows:

"(1) Specific performance may be decreed where the goods are unique or in other proper circumstances.": Act of April 6, 1953, P.L. 3, sec. 2-716, as amended, 12A P.S. §2-716.

In 2 Anderson Uniform Commercial Code §2-716:1, there is an official comment to the code. The comment is to the effect that this section continues in general prior policy as to specific performance and injunction against a breach of sales agree-

ments. The comment continues: ". . . However, without intending to impair in any way the exercise of the court's sound discretion in the matter, this Article seeks to further a more liberal attitude than some courts have shown in connection with the specific performance of contracts of sale."

The comment also suggests that uniqueness is not the sole basis of the remedy under this section for relief but that equitable relief may be granted ". . . in other proper circumstances."

We are of the opinion that the plaintiff here has pleaded ". . . other proper circumstances" within the meaning and intent of the framers of the Uniform Commercial Code.

True it is that, as between the parties, there would be an adequate remedy at law and the measure of damages fixed by the terms of the agreement and the contents of the complaint. However, in light of the fact that plaintiff has entered into an agreement to sell the transformer to a third party and defendant is aware of that fact, we have a different situation than is ordinarily the case. Here, we are dealing with a huge piece of used equipment. It was purchased at a relatively low price when compared to the resale price plaintiff has contracted to sell it to Lunney. This is unlike the ordinary purchase of goods and merchandise for resale. It is unlikely that there is a substantially identical piece of used equipment which plaintiff could locate in order to perform its contract with a third party.

It is defendant's breach which renders plaintiff unable to perform its contract to the third party. This failure of performance for an item of service equipment may render plaintiff liable to damages, in addition to those for breach of contract, of a con-

sequential nature for failing to perform: Taylor v. Kaufhold, 368 Pa. 538, 84 A. 2d 347 (1951). The nature of these damages is speculative and conceivably could be extensive. It is this state of affairs which, in our judgment, is the ". . . other proper circumstances" contemplated by the Uniform Commercial Code. These facts render a legal remedy inadequate.

Thus, we conclude that plaintiff has stated a case for specific performance and we shall dismiss the preliminary objections.

### ORDER

And now, October 16, 1975, defendant's preliminary objections are dismissed, and leave is granted to defendant to answer the complaint with 20 days from the date of this order. Meanwhile, defendant is enjoined from selling the used 6000 KVA General Electric Transformer to anyone but plaintiff pending the outcome of this proceeding.