**LARKIN TRUCKING**

v.

**William McCUTCHEON, individually and d/b/a Lake Peterbilt.**

**Civ. A. No. 87–119 ERIE.**

United States District Court, W.D. Pennsylvania.

Oct. 14, 1987.

William R. Cunningham, North East, Pa., for plaintiff.

Eugene J. Brew, Jr., Erie, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

In this action alleging jurisdiction based upon diversity of citizenship, defendant has filed a Motion to Dismiss. The principal argument of the motion is that the amount in controversy could not possibly exceed $10,000 as required for diversity jurisdiction. This court has twice ordered plaintiff to submit a response to defendant's motion along with evidentiary materials sufficient to support his allegation of an amount in controversy exceeding $10,000. Plaintiff has responded to these orders by providing this court with nothing more than a single

affidavit of its sole proprietor, George Larkin.

The facts of this case are fairly simple. On August 5, 1986, plaintiff left his truck with defendant in order to have some repairs done. On August 22, 1986, defendant informed plaintiff by telephone that the repairs were completed and the truck could be picked up. Plaintiff alleges that during this telephone conversation, defendant reaffirmed a prior agreement that it would accept plaintiff's company payroll check in full payment of the repairs. On August 25, 1986, plaintiff appeared at defendant's place of business to pick up the truck. Defendant at that time refused to accept plaintiff's payroll check, instead insisting upon cash. Because plaintiff did not have sufficient cash, he was unable to get the truck that day and had to return to pick it up the following day.

Plaintiff maintains that defendant's refusal to release the truck on August 25, 1986 was wrongful. In his affidavit, he lists damages resulting from the wrongful refusal totalling $34,350. Of this amount, $31,200 is for one year's lost profits from a "contract" with Page Transportation. Plaintiff alleges that as a result of defendant's wrongful refusal to release the truck, he was unable to pick up a load for Page on August 25, and Page therefore has ceased doing business with him. Plaintiff's ability to meet the $10,000 jurisdictional amount, obviously depends upon his entitlement to this element of damages.

As the party invoking federal jurisdiction, herein, the burden of proof lies upon the plaintiff. *Ramsey v. Mellon Bank and Trust Company*, 350 F.2d 874 (3d Cir. 1965). He must come forward with adequate evidentiary material to support his allegations of damages in excess of $10,-000. *Nelson v. Keefer*, 451 F.2d 289 (3d Cir.1971). Plaintiff's sole evidence with respect to the alleged lost "contract" with Page, is the following two paragraphs in his affidavit:

.      .      .      .      .

10. For approximately seven (7) years prior to the date of this incident, I had been doing trucking for Page Transpor-

tation on a regular basis, and at the time of the incident was transporting two (2) load per week for them at a net profit of Six Hundred ($600.00) Dollars per week.

11. As a result of my inability to transport the load on August 25, 1986, Page Transportation ceased doing business with my company, resulting in a net loss of Six Hundred ($600.00) Dollars per week.

.     .     .     .     .

From the record before us, we find no evidence of a contract between plaintiff and Page. Even were we to assume that one existed, plaintiff would only be entitled to recover the lost profits from such if he could show:

1) that defendant's actions led to the loss of the contract;

2) that the loss of the contract was reasonably foreseeable and within the contemplation of defendant at the time the alleged agreement was made to accept a company payroll check as payment in full; or that the loss of the contract would naturally and ordinarily result from defendant's refusal to accept such as payment; and

3) that the lost profits from the contract with Page can be proven with reasonable certainty. *See, Mellon Bank, N.A. v. Aetna Business Credit,* 500 F.Supp. 1312 (W.D.Pa.1980); and *Taylor v. Kaufhold,* 368 Pa. 538, 84 A.2d 347 (1951).

As to the first of these conditions, we find plaintiff's averment in his affidavit as to the reason for Page's ceasing to do business with him, wholly inadequate. As to the second, nowhere in the pleadings or in plaintiff's affidavit is there any allegation of facts establishing that the damages were foreseeable or a natural result of defendant's action. And finally, as to the third condition, absent any contract for a specific number of loads and/or for a definite duration, plaintiff's claimed damages are highly speculative.

For all the reasons given above, we find that plaintiff has utterly failed to avail himself of the opportunity to present adequate evidentiary material to support his allegation of entitlement to damages in ex-

cess of $10,000. *Nelson v. Keefer, supra.* Accordingly, defendant's Motion to Dismiss is granted for lack of diversity jurisdiction.

An appropriate order will be filed.