**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1723

———————

JAMES S. DEHART;
JUDY DEHART,
Appellants

v.

HOMEQ SERVICING CORPORATION, f/k/a TMS Mortgage Inc.,
d/b/a The Money Store; WACHOVIA BANK OF DELAWARE, NATIONAL
ASSOCIATION d/b/a and/ or f/k/a HomeQ Servicing Corporation;
MILSTEAD & ASSOCIATES, LLC.; MICHAEL J. MILSTEAD;
CHRISOVALANTE P. FLIAKOS; GREG WILKINS a/k/a Greg Wilkinson;
PINA S. WERTZBERGER; CORINA M. CONNORS;
WELLS FARGO BANK NA, a/k/a Wells Fargo Home Mortgage a/k/a Wells Fargo


WELLS FARGO BANK, NA, a/k/a Wells Fargo Home Mortgage
a/k/a Wells Fargo,
Third Party Plaintiff

v.

BARCLAYS BANK PLC,
Third Party Defendant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 5-11-cv-00416)
District Judge:  Honorable Mitchell S. Goldberg

———————

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2016

Before: MCKEE**, Chief Judge, JORDAN and ROTH, Circuit Judges

(Opinion filed: February 8, 2017)

_____

OPINION*

_____

ROTH, Circuit Judge

James and Judy DeHart appeal orders of the District Court resolving an action

against HomEq Servicing Corp., Wachovia Bank of Delaware, N.A., Milstead &

Associates, LLC, and former and present employees of Milstead & Associates, LLC, as

well as third party defendant Barclays Bank PLC. The action alleged the failure to

acknowledge their timely mortgage payments and the improper sheriff sale of their home.

We will affirm.

## I.     Background

Because we write for parties familiar with the facts, we set forth only those facts

pertinent to the resolution of this appeal. In 1999, the DeHarts obtained a home loan

from Parkway Mortgage, Inc., secured by a mortgage on the property. Parkway

Mortgage subsequently assigned its interests in the mortgage to non-parties which in turn

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

** The Honorable Theodore A. McKee was Chief Judge at the time this appeal was submitted. Judge McKee completed his term as Chief Judge on September 30, 2016.

assigned their interests. For the purpose of resolving this appeal, Wachovia Bank owned the mortgage note until Wachovia's merger with Wells Fargo, which became the owner of the note, and HomEq was the servicer. The mortgage requires, in addition to monthly payment of principal and interest, additional payments for, among other things, taxes and insurance. About a year after obtaining the loan, the DeHarts stopped sending mortgage payments for a few months because they did not receive monthly statements. Subsequently, the DeHarts received a notice that their loan was in default and that foreclosure proceedings would be initiated if the default was not cured. In 2001, HomEq filed a foreclosure complaint against the DeHarts in the Court of Common Pleas in Northampton County, Pennsylvania. Because the DeHarts never responded to the complaint, a default judgment was entered against them, and a sheriff sale of the property was scheduled. The DeHarts averted the sale by filing a voluntary Chapter 13 bankruptcy petition, which triggered an automatic stay of the foreclosure proceeding.

After the Bankruptcy Court dismissed the petition, HomEq sought to execute the foreclosure. To avoid the sheriff sale, the DeHarts paid nearly $28,000 to reinstate their loan. Following reinstatement, the DeHarts again missed several mortgage payments, and received another notice of intent to foreclose. In 2004, HomEq filed another foreclosure complaint, to which the DeHarts again failed to respond. As a result, another default judgment was entered. The DeHarts then filed another Chapter 13 bankruptcy petition, which was dismissed after the DeHarts paid to reinstate the loan.

Subsequently, Wachovia Bank sold certain assets of HomEq to Barclays Bank.[1] Shortly thereafter, the DeHarts' monthly payment was returned with a notice that the loan was delinquent, and that the payment was insufficient to bring the account current. The DeHarts made no further payment.

In 2007, HomEq filed a request for a writ of execution in the Court of Common Pleas to schedule a sheriff sale of the DeHart's home, based on the 2004 default judgment, which had not been formally vacated. The DeHarts did not file a response. Instead, they contacted HomEq's counsel at Milstead & Associates, who informed them that HomEq intended to proceed with the sale. The DeHarts then moved to reopen the bankruptcy proceeding; the motion was denied. Their home was sold at the sale.

The DeHarts petitioned the Court of Common Pleas to set aside the sheriff sale, and HomEq, after reviewing documents regarding the loan, consented to the petition. The DeHarts then filed a suit in the Court of Common Pleas against Wachovia, HomEq, Milstead & Associates, Barclays Bank, and other individual defendants. Defendants removed the action to the District Court for the Eastern District of Pennsylvania.[2] The complaint alleges breach of contract; breach of the implied duty of good faith and fair dealing; violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL)[3] and the Fair Credit Extension Uniformity Act[4]; violation of the federal

---

[1] Wachovia Bank of Delaware, N.A., owned HomEq Servicing Corporation from 2001 to October 31, 2006. In 2010, Wachovia merged with Wells Fargo Bank, N.A. Wells Fargo is the successor corporation by merger.

[2] 28 U.S.C. §§ 1332, 1441(a). The District Court exercised supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

[3] 73 Pa. Stat. and Cons. Stat. Ann. § 201-1 *et seq*. (est 2016).

Truth in Lending Law[5]; intentional infliction of emotional distress; and civil conspiracy. The District Court granted defendants' motions to dismiss and for judgment on the pleadings, dismissing all claims other than breach of contract and intentional infliction of emotional distress. The District Court then granted summary judgment for defendants on the remaining claims other than on the breach of contract claim as to Wells Fargo. In summary judgment, the District Court ruled in favor of the DeHarts on the breach of contract claim, determining that they could recover damages for attorney's fees incurred to set aside the inappropriate sale. The District Court then held a hearing to establish damages and awarded $9,000.

The DeHarts appealed, challenging (1) the dismissal of the UTPCPL claim; (2) orders limiting recovery for the breach of contract claim; (3) the dismissal of the claim of intentional infliction of emotional distress; (4) rulings regarding discovery; and (5) other orders which the DeHarts identified but did not discuss in their brief.[6]

## II.    Dismissal of Claim under UTPCPL

The DeHarts argue that the District Court erred in dismissing the UTPCPL claim under Federal Rule of Civil Procedure 12(b)(6) because the District Court misapplied Pennsylvania law. We exercise plenary review over the dismissal of a claim under Rule 12(b)(6).[7]

---

[4] § 2270.1 *et seq.*
[5] 15 U.S.C. § 1601 *et seq.*; *id*. § 1666(a-d).
[6] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.
[7] *Lafferty v. St. Riel*, 495 F.3d 72, 76 n.5 (3d Cir. 2007).

The DeHarts pleaded a violation of UTPCPL's catchall provision, which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."[8] The Pennsylvania Supreme Court requires plaintiffs who seek to establish a claim under this provision to prove the elements of common law fraud, among which is justifiable reliance.[9] Because the second amended complaint does not plead facts showing or giving rise to an inference that the DeHarts were actually induced to perform any detrimental activity by the allegedly deceptive acts, the District Court dismissed the claim.[10] The DeHarts cite a 2012 opinion of a Pennsylvania Superior Court holding that a claim alleging a violation of the catchall provision no longer required proof of common law fraud.[11] However, the Pennsylvania Supreme Court has not adopted this position, and at any rate, the DeHarts have not shown "ascertainable loss" as required to establish a claim under UTPCPL.[12] Therefore, the District Court did not err in dismissing the UTPCPL claim.

### III. Dismissal of Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing

The DeHarts argue that the District Court erred in entering judgment on the pleadings for the claim of breach of contract based on the breach of the implied covenant

---

[8] 73 P.S. §§ 201-2(4)(xxi), 201-3.

[9] *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438-39 (Pa. 2004); *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (noting that the Pennsylvania Supreme Court has "categorically and repeatedly" stated that a private plaintiff pursuing a UTPCPL claim must prove justifiable reliance and it has not recognized any exceptions to that requirement).

[10] *Hunt*, 538 F.3d at 227.

[11] *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 155-56 (Pa. Super. Ct. 2012).

[12] *See Grimes v. Enter. Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1192 n.3 (Pa. 2014).

of good faith and fair dealing, and in denying punitive damages in connection with this claim. We exercise plenary review over a motion for judgment on the pleadings.[13] We construe all facts and inferences in the light most favorable to the non-moving party, and review *de novo* questions of legal interpretation.[14] Under Pennsylvania law, a claim for breach of the implied covenant of good faith and fair dealing requires, among other things, a showing of bad faith.[15] Although the amended complaint alleges defendants sold the DeHarts' home while the DeHarts were not behind on their payments and denied them their right to defend the status of their mortgage payments, this conduct falls short of bad faith.[16] Therefore, the District Court properly dismissed the claim. In addition, although the DeHarts challenge the denial of punitive damages, under Pennsylvania law, punitive damages are not recoverable in a breach of contract claim.[17] Therefore, the District Court also properly denied the request for punitive damages.

## IV. Request for Attorney's Fees

The DeHarts argue the District Court erred in issuing two rulings that limited their recovery of attorney's fees. First, on a motion to dismiss pursuant to Rule 12(b)(6), the District Court dismissed the DeHarts' request, in connection with the claim for breach of

---

[13] *Revell v. Port Auth. of New York, N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).
[14] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005); *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).
[15] *See Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 497 (3d Cir. 2015) (discussing the common law bad faith action).
[16] *See Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 236-38 (3d Cir. 2003) (citing *Birth Center v. St. Paul Cos., Inc.*, 787 A.2d 376, 389 (Pa. 2001)); *Cowden v. Aetna Cas. and Sur. Co.*, 134 A.2d 223, 229 (Pa. 1957); *Kaplan v. Cablevision of PA, Inc.*, 671 A.2d 716, 722 (Pa. Super. Ct. 1996).
[17] *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 147 (3d Cir. 2000).

contract, for recovery of attorney's fees "for the present litigation." We exercise plenary review over a dismissal pursuant to Rule 12(b)(6).[18] A demand for damages, including attorneys' fees, may be stricken when the damages are not legally recoverable in the cause of action.[19] Under Pennsylvania law, "there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception."[20] The DeHarts have not pointed to any basis that permits recovery. Therefore, the District Court properly dismissed the request.

Next, the District Court, in granting partial summary judgment, concluded that the DeHarts may recover attorney's fees incurred to set aside the sheriff sale, but not fees incurred for other purposes. The DeHarts argue that they should be able to recover attorney's fees incurred "for all or a majority of [this] action," and specifically fees incurred to petition the Bankruptcy Court to re-open their proceeding because it was done to show that defendants had been given proof of payments and information concerning the earlier bankruptcy proceedings. We review *de novo* the grant of summary judgment.[21] A grant of summary judgment is proper where the moving party has established that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law.[22] Where a party breaches the contract without any legal justification, the non-breaching party is entitled to recover, unless the contract provided

---

[18] *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 451 (3d Cir. 2006).
[19] *Huddock v. Donegal Mut. Ins. Co.,* 264 A.2d 668, 671 n.2 (Pa. 1970).
[20] *Merlino v. Del. Cnty.*, 728 A.2d 949, 951 (Pa. 1999); *Fidelity-Phila. Trust Co. v. Phila. Transp. Co.*, 173 A.2d 109, 113-14 (Pa. 1961) (addressing attorney's fees associated with a breach of contract action).
[21] *Burton v. Teleflex, Inc.*, 707 F.3d 417, 424-25 (3d Cir. 2013).
[22] *Id*.

otherwise, those damages that can be proved with reasonable certainty (1) that would naturally and ordinarily result from the breach, or (2) were reasonably foreseeable and within the contemplation of the parties at the time they made the contract.[23] The DeHarts have not shown that attorney's fees incurred to reopen a bankruptcy proceeding would be a natural result of the breach or that it was reasonably foreseeable that the mortgagees, faced with an inappropriate sheriff sale, would seek to re-open bankruptcy proceedings.[24] Therefore, the District Court properly denied recovery for attorney's fees incurred in connection with the bankruptcy matter.

## IV.    Claim of Intentional Infliction of Emotional Distress

The DeHarts argue the District Court erred in granting summary judgment on the claim of intentional infliction of emotional distress in favor of Milstead & Associates and their former and current employees. A claim for intentional infliction of emotional distress requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe."[25] The DeHarts do not argue that they failed to prove the elements, but that "the requirement that plaintiffs must provide an expert opinion to prove their IIED claims is too strict and ignores the clear and outrageous conduct of the defendant." However, the Pennsylvania Supreme Court has stated that "the requirement

---

[23] *Ferrer v. Trs. of Univ. of Pa.*, 825 A.2d 591, 610 (Pa. 2002) (citing *Taylor v. Kaufhold*, 84 A.2d 347, 351 (Pa. 1951)).
[24] *See Helpin v. Trs. of Univ. of Pa.*, 10 A.3d 267, 269 (Pa. 2010) (citing *Ferrer v. Trs. of the Univ. of Pa.*, 825 A.2d 591, 610 (2002)).
[25] *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979)).

9

of some objective proof of severe emotional distress will not present an unsurmountable obstacle to recovery. Those truly damaged should have little difficulty in procuring reliable testimony as to the nature and extent of their injuries."[26] Therefore, the District Court properly granted summary judgment on this claim.

## IV.    Orders regarding Discovery

The DeHarts argue that the District Court erred in issuing three rulings that (1) limit scope and number of items in interrogatories; (2) limit the period of discovery; and (3) grant a motion to compel and order sanctions. We review a district court's management of discovery for abuse of discretion.[27] We will not upset a district court's conduct of discovery procedures absent a showing that the court's action made it impossible to obtain crucial evidence.[28]

The District Court struck the DeHarts' first set of interrogatories, which exceeded the number permitted under Federal Rule of Civil Procedure 33 and sought irrelevant information. The District Court provided time to serve new interrogatories, and thus did not render it impossible for the DeHarts to obtain evidence. Therefore, the District Court did not abuse its discretion.

Similarly, the District Court, in response to the DeHarts' request for a 60-day extension for discovery, granted a 53-day extension. To show that a district court's ruling made obtaining crucial evidence impossible, plaintiffs must demonstrate that more

---

[26] *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987).
[27] *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000).
[28] *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir.1982) (internal quotation marks omitted).

10

diligent discovery was impossible.[29]  The DeHarts did not take discovery until nearly the

end of this period and did not request a further extension.  Therefore, DeHarts fail to

make this showing.  The District Court did not abuse its discretion.

Finally, the District Court granted Wells Fargo's motion to compel answers to

interrogatories and production of documents, and awarded $500 under Federal Rule of

Civil Procedure 37(a)(5)(A).  The District Court found the DeHarts' answers and

responses to requests incomplete or unresponsive, and the answers were not properly

signed or endorsed.  As required by Federal Rule of Civil Procedure 37(a)(5), upon

granting a motion to compel, the court must order payment of the movant's reasonable

expenses incurred in making the motion, unless certain conditions apply, such as

substantial justification for the failure to respond.[30]  Although the DeHarts argue that

their failure was justified because defendants filed discovery requests while the motion to

dismiss on the pleadings was pending, thereby imposing a significant burden on them,

this explanation does not support a conclusion of substantial justification.  Therefore, the

District Court properly ordered sanctions.

## V.  Orders Listed for Appeal but not Argued

Finally, the DeHarts list a number of District Court orders in their "concise

summary of the case" but do not address these rulings in their appellate brief.  Under

Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule

28.1(a), appellants are required to set forth the issues raised on appeal and present an

---

[29] *Id*.

[30] Fed. R. Civ. P. 37(a)(5)(A); *Grider v. Keystone Health Plan Cent.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009).

argument in support of those issues in their opening brief.[31]  It is well-settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals.[32]

## VI.    Conclusion

For the foregoing reasons, we will affirm the orders of the District Court.

---

[31] *Simmons v. City of Phila.*, 947 F.2d 1042, 1065 (3d Cir. 1991) ("absent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations"), *cert. denied*, 503 U.S. 985 (1992).
[32] *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993); *Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1011 (3d Cir. 1991).